(C. D. 441)

BULLOCKS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 3, 1941)

*Harper & Harper (Abraham Gottfried* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks* and *Joseph A. Howard, Jr.,* special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Tilson, Judge: The plaintiff filed this suit seeking to recover a certain sum of money alleged to have been illegally exacted as a bounty on imported merchandise from Great Britain. In addition to the regular duty, concerning which there is no question here, a bounty was collected on 35 pounds of the merchandise at 9⅓ pence per pound, amounting to £1 14s. 5d., which at the appropriate rate of exchange amounted to $8.54. It is this $8.54 which the plaintiff, by this suit, seeks to recover.

In view of the fact that the pleadings in this case clearly comply with the provisions of section 514 of the act of 1930 the motion to dismiss on that ground made at the trial is hereby denied.

This bounty was collected under the provisions of section 303 of the Tariff Act of 1930, which provides as follows:

Whenever any country, dependency, colony, province, or other political subdivision of government, person, partnership, association, cartel, or corporation shall pay or bestow, directly or indirectly, any bounty or grant upon the manufacture or production or export of any article or merchandise manufactured or produced in such country, dependency, colony, province, or other political subdivision of government, and such article or merchandise is dutiable under the provisions of this Act, then upon the importation of any such article or merchandise into the United States, whether the same shall be imported directly from the country of production or otherwise, and whether such article or merchandise is imported in the same condition as when exported from the country of production or has been changed in condition by remanufacture or otherwise, there shall be levied and paid, in all such cases, in addition to the duties otherwise imposed by this Act, an additional duty equal to the net amount of such bounty or grant, however the same be paid or bestowed. The Secretary of the Treasury shall from time to time ascertain and determine, or estimate, the net amount of each such bounty or grant, and shall declare the net amount so determined or estimated.  *  *  *.

It appears that the bounty or grant in this case was collected by reason of the provisions of T. D. 47475. Said Treasury decision, so far as here pertinent, reads as follows:

Reference is made to T. D. 43634 and T. D. 44742, dated October 30, 1929, and March 25, 1931, respectively, setting forth the net amounts of bounties paid by the British Government on the export of certain manufactures of silk and artificial silk.

The Treasury Department is in receipt of official information that the present rates of bounties or grants paid by the British Government within the meaning of section 303 of the Tariff Act of 1930 on the commodities herein described are the amounts set forth in the following table:

*       *       *       *       *       *       *

11. Silk fabrics made in Great Britain from raw silk on which the import duty of 18 pence per pound has been assessed and on which fabric a drawback of 36 pence per pound has been allowed.  9⅓ pence per pound.

*       *       *       *       *       *       *

The net amounts of the bounties or grants on the commodities described above are hereby ascertained, determined, and declared to be the amounts set forth

in the above table. Collectors of customs will, therefore, collect additional duties equal to the net amount of bounty set forth opposite the respective articles produced in the United Kingdom of Great Britain and Northern Ireland and imported or withdrawn from warehouse after 30 days after the publication of this decision in a weekly issue of the TREASURY DECISIONS. The table of rates herein supplements the table of rates published in T. D. 43634 on silk or artificial silk and the rate published in T. D. 44742 relating to silk nets.

The merchandise upon which this bounty was collected consists of scarves or mufflers, and it is to be noted that the Secretary of the Treasury in ascertaining and declaring the net amount of the bounty in said Treasury decision, made the same applicable only to silk fabrics. Counsel for the plaintiff, in his brief filed herein, argues as follows:

It would have been very easy to insert the words "or articles made therefrom" after "silk fabrics" in Item 11. However, the Commissioner of Customs did not see fit to do it, and this court cannot be expected to insert such language when the responsible official refused to do it.

In reply counsel for the defendant quotes the following from T. D. 44742:

The question has arisen in the past as to the applicability of T. D. 43634 to "made-up" articles composed in whole or in part of the particular items covered by this decision. It has been the practice of the bureau to hold that this decision is applicable not only to the fabrics covered thereby but to articles manufactured from such fabrics as well. To hold otherwise would defeat the purpose of the law. In order to obviate any possible misunderstanding in the future, it is therefore declared that the provisions of T. D. 43634 are applicable to the fabrics enumerated therein and to such fabric content of articles made in whole or in part from the said fabrics.

Counsel for neither party cite any authorities which they contend support their respective positions. Counsel for the plaintiff makes no contention that the findings made in T. D. 44742 were by the Commissioner of Customs with the approval of the Secretary of the Treasury, and that said findings are invalid because not made by the Secretary of the Treasury himself. We shall, therefore, not raise the question of the validity or invalidity of said findings.

It is worthy of note that in said T. D. 44742, after holding that "It has been the practice of the bureau to hold that this decision is applicable not only to the fabrics covered thereby but to articles manufactured from such fabrics as well." Said Treasury decision closes with the following:

Collectors of customs will therefore collect additional duty equal to the net amount of bounty above declared on silk nets and the silk-net content of articles made in whole or in part of such nets from Great Britain, * * *.

Thus we have a situation in said T. D. 44742 where in one breath the bureau is holding that the provision for "silk fabrics" is applicable not only to the fabrics covered thereby but to articles manufactured from such fabrics as well, and in the next breath declaring that the

provision for "silk fabrics" does not cover silk nets, and that the provision for "silk nets" does not cover "articles" made in whole or in part of such nets. It would appear to us that if the provision for "silk fabrics" covered articles made therefrom, then by the same token the provision for "silk nets" would cover and include "articles" made from such nets.

In support of its contention that the provision for "silk fabrics" covered and included as well articles made therefrom, the bureau states that: "To hold otherwise would defeat the purpose of the law." In the enactment of the silk schedule of the Tariff Act of 1930 the Congress did not appear to be of the opinion that the provision for "silk fabrics" covered and included articles made therefrom, because after making specific provision for various "silk fabrics" and articles made therefrom, it very carefully set out a long list of silk "articles" which apparently it did not intend to include in the provision for "silk fabrics," such as gloves, mittens, hose, half-hose, underwear, outerwear, and articles of all kinds, handkerchiefs, woven mufflers, and articles of wearing apparel. If the Secretary of the Treasury in said T. D. 44742 had declared the net amount of bounty to be collected on silk scarves or silk mufflers or silk articles of wearing apparel, we fail to see where this would have defeated the purpose of the law. It appears to us that such a procedure would have been a more reasonable compliance with the terms of section 303 than that attempted by the customs bureau.

By the enactment of section 303, the Congress certainly never intended to permit the Secretary of the Treasury to declare the net amount of bounty to be collected on "Silk partially manufactured," and then at some later date let the bureau construe that as applicable to all the merchandise covered by the silk schedule of the act of 1930. We can conceive of the existence of a condition which would authorize the Secretary of the Treasury to declare the net amount of bounty to be collected on all the merchandise covered by the silk schedule in the act of 1930, but such a situation should not be confused with the present situation. One is a direct finding by the Secretary of the Treasury, authorized by the law, the other is a finding by the bureau by construction, not authorized by law.

The merchandise involved in this bounty question was classified by the collector under paragraph 1210 of said act, which provides for:

Clothing and articles of wearing apparel of every description, manufactured wholly or in part, wholly or in chief value of silk, and not specially provided for, 65 per centum ad valorem.

"Silk fabrics" could scarcely be considered clothing and articles of wearing apparel of every description. It is clear that the collector did not find the merchandise to be "silk fabrics," otherwise he would have classified it under one of the paragraphs providing for "silk

fabrics." If this merchandise is not "silk fabrics" for classification purposes, then there would appear to be no justification for our holding it to be "silk fabrics" for bounty purposes.

The holding of the bureau in T. D. 44742 that the words "silk fabrics" are applicable not only to the fabrics covered thereby but to the articles manufactured from such fabrics as well, does not appear to be sound. In any event such a holding is not binding upon this court. In this case the collector, in order to get the higher rate of duty under the classification end, classified the merchandise as "silk articles" and then in order to get the bounty he immediately held the same merchandise not to be "articles" but "silk fabrics." We are unable to find any justification for such action.

So far as the authorities relied on for the assessment of bounty in this case are concerned, we must hold that they do not cover the merchandise in this case. Since the Secretary of the Treasury has not ascertained and determined or estimated the net amount of any bounty or grant, and declared the net amount thereof, as to the silk articles here involved, we hold that the collector was in error in collecting any bounty on the merchandise herein. The collector will therefore reliquidate the entry, refunding to the plaintiff herein any and all sums of money assessed, collected and paid as a bounty under section 303 of the act of 1930 on the merchandise here involved.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.