BEFORE THE THIRD DIVISION, OCTOBER 8, 1941

**No. 46412.**—Protest 49499–K of Max Koenig & Sons (New York).

Opinion by CLINE, J. At the hearing plaintiffs endeavored to prove that the inclusion of this charge was due to a clerical error on the part of the customs broker. The customs broker testified that in making the entry he failed to deduct the nondutiable charges for insurance and consular fee, which failure was probably due to "rush of business, oversight." It is noted that no claim is made in the pleadings as to the inclusion of the consular fee in the entered value. The importer testified that the customs broker had been given no instructions in regard to making this particular entry. From the record the court found that the plaintiff had not produced proof sufficient to make out a case of clerical error. The protest was therefore overruled. *McQuillan* v. *United States* (18 C. C. P. A. 215, T. D. 44401) and *Yamada* v. *United States* (26 id. 89, T. D. 49826) cited.

**No. 46413.**—Protests 35676–K, etc., of Artmart Linen Co. (New York).

Opinion by CLINE, J. It was stipulated that the merchandise in question is similar to that the subject of *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441). It was therefore held that countervailing duty is not applicable to said articles.

**No. 46414.**—Protest 55775–K of Gribbon Co., Inc. (New York).

Opinion by CLINE, J. It was stipulated that the merchandise in question is similar to that the subject of *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441). It was therefore held that countervailing duty is not applicable to said articles.

**No. 46415.**—Protest 48516–K of Bullocks, Inc. (Los Angeles).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of tablecloths wholly or in chief value of rayon, countervailing duty was held not applicable to certain of the items in question. *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) followed.