**No. 46551.**—Protest 48814–K of Swiss Trading Co. (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel and on the authority of *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty as claimed.

**No. 46552.**—Protest 774795–G of Pennsylvania Macaroni Co. (Cleveland).

Opinion by CLINE, J. At the trial the protest was submitted without the introduction of testimony or other evidence in support of the claims made. There was nothing in the record to overcome the presumption of correctness attaching to the collector's action. The protest was therefore overruled.

**No. 46553.**—Protests 789278–G, etc., of W. A. Taylor & Co. et al. (Baltimore, etc.)

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46554.**—Protest 40697–K of T. M. Duche & Sons, Inc. (Boston).

Opinion by KEEFE, J. It appeared from the testimony that the steamship *City of Salisbury* sank in Boston harbor, and part of her cargo consisted of cashew nuts. Some of the nuts were salvaged and others were damaged by water. From the evidence, including the official papers, it was found that at Boston an allowance in duty of 9,650 pounds out of 36,100 pounds was made upon the net landed weight. At New York it was found by actual segregation that only 42 cases amounting to 2,020 pounds were worthless and the remainder was released for consumption. The importer claims that duty upon 42 cases should be refunded. From the record it was clear that the importer was not entitled to a further refund as it appeared that he has already received in allowance far more than the segregation established that he was entitled to. The protest was therefore overruled.

**No. 46555.**—Protests 959800–G, etc., of Atlas Marine Supply Co. et al. (Los Angeles).

Opinion by KEEFE, J. It was stipulated that the drums in question are similar in all material respects to those the subject of *Atlas Marine Supply Co.* v. *United States* (29 C. C. P. A. 20, C. A. D. 165). In accordance therewith the claim for free entry was therefore sustained.