BEFORE THE THIRD DIVISION NOVEMBER 19, 1941

**No. 46585.**—Protest 979066–G/88132 of Marshall Field & Co. (Chicago).

Opinion by CLINE, J. In accordance with stipulation of counsel it was held that the rate of exchange for conversion into United States currency should be 1.20 Swatow local paper currency to 1 yuan dollar and that the yuan dollar should be converted into United States currency at the rate certified by the Federal Reserve Bank for the date of exportation of the goods. The protest was therefore sustained.

**No. 46586.**—Protest 894265–G of W. X. Huber Co. (Los Angeles).

Opinion by CLINE, J. The merchandise was invoiced in Swatow paper currency and then converted into a total of 1,008.21 yuan dollars, which was converted into United States dollars at a rate of exchange of .348125, making the entered value $351, United States currency. The collector changed the total entered value to 1,108 yuan dollars, which was converted into $353.80, United States currency. From the evidence presented at the trial the court found that the total entered value in United States currency was correct and held that the entry should be reliquidated on the basis of that value. Protest sustained.

**No. 46587.**—Protest 23657–K of D. C. Andrews & Co. (New York).

Opinion by CLINE, J. Plaintiffs' pleadings contained a claim that the marking duty imposed under section 304, Tariff Act of 1930, is not assessable. However, in the brief of counsel for plaintiffs it is stated that his claim against the marking duties is limited to the question of the value upon which such duties should have been assessed. The court therefore overruled any claim as to marking, except that involving the amount upon which such duties should be assessed. From the record it appeared that the entry clerk, in his haste to discharge the shipment at New York, rather than at Boston, due to unusual weather conditions, overlooked the amount in United States dollars and adopted the extension in Straits currency. On a sheet of paper attached to the invoice appears a recapitulation made by this clerk and a comparison of the recapitulation with the invoice (No. 6) plainly showed the mistake in the figures adopted by the clerk. On the record presented it was held that duty should be assessed upon the basis of the final appraised value of the merchandise, viz, 19¼ cents a pound, c. i. f. Boston. Protest sustained.

**No. 46588.**—Protests 993253–G, etc., of Maray Corp. (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty as claimed.