BEFORE THE THIRD DIVISION, DECEMBER 1, 1941

**No. 46643.**—Protests 883363–G, etc., of Continental Grain Co. et al. (Buffalo, etc.).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, DECEMBER 4, 1941

**No. 46644.**—Protests 838435–G, etc., of Allied Stores Corp. et al. (Baltimore, etc.).

Opinion by Kincheloe, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE THIRD DIVISION, DECEMBER 4, 1941

**No. 46645.**—Protest 62641–K of Dodge & Olcott Co. (New York).

Opinion by CLINE, J. It was stipulated that the merchandise consists of dried ginger root, unground, the same as that the subject of *Wilson* v. *United States* (28 C. C. P. A. 63, C. A. D. 126). The claim for free entry under paragraph 1768 was therefore sustained.

**No. 46646.**—Protest 985279–G of C. L. Weber Sea Products Co. (Los Angeles).

Opinion by CLINE, J. It appeared that the lobsters in question were placed in cold storage warehouse. The importer testified that he was informed that they could not be sold, being unfit for human consumption. On the following day the owner reported to the importer that the odor from the lobsters was penetrating the wood of the warehouse and that if he did not do something with the lobsters the health authorities would force him to take action. The importer was not familiar with customs procedure and stated that the only information he received was that it was necessary to dispose of the lobsters to avoid further complication, which he did, by having them removed to an orange ranch by truck in the bags in which they arrived, and that they finally had to be burned. It was stipulated that the merchandise was actually destroyed by being used as fertilizer on the ranch and that it was not done under customs supervision. It was conceded that the liquidated damages were not paid. The only authority for a protest against the action of the collector is found in section 514. However, since the liquidated damages were not paid it was held the plaintiff had no cause of action. The protest was therefore dismissed.

**No. 46647.**—Protests 16237–K, etc., of Maray Corp. (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty as claimed.