**No. 46676.**—Protest 21828–K of Emil Katz & Co., Inc. (New York).

Opinion by TILSON, J.   The protest was sustained as to the merchandise consisting of slung spangles.   *Fashion Trimming Corp.* v. *United States* (6·Cust. Ct. 199, C. D. 462) followed.

**No. 46677.**—Protests 868941–G, etc., of Lord & Taylor (New York).

Opinion by TILSON, J.   In accordance with the evidence produced at the trial that some of the merchandise in question "is of the same general character as the merchandise in suit 984394–G" the silk articles in question were held dutiable under paragraph 1209 as follows: (1) handkerchiefs or mufflers, hemmed·or·hemstitched, at 60 percent; (2) hemmed mufflers, hand-blocked printed, at 35 percent in view of T. D. 49753; (3) unhemmed handkerchiefs at 55 percent; and (4) other hemmed handkerchiefs at 45 percent in view of T. D. 49753.   It was stipulated between counsel that certain of the items consist of articles in part of silk or artificial silk, or both; these were held not subject to countervailing duty, following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441).

**No. 46678.**—Protest 42364–K of John C. Sleater Co., Inc. (New York).

Opinion by KINCHELOE, J.   In accordance with stipulation of counsel that the merchandise consists of articles (not fabrics) in part of silk or artificial silk, or both, and following *Bullocks* v. *United States* (6 Cust. Ct. 110 C. D. 441) the merchandise in question was held not subject to countervailing duty as claimed. The protest was overruled in all other respects.

BEFORE THE THIRD DIVISION, DECEMBER 11, 1941

**No. 46679.**—Protest 992948–G of Peat Import Corp. (Baltimore).

Opinion by CLINE, J.   It was stipulated that the merchandise consists of peat moss of the same character as that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319).   The claim for free entry under paragraph 1685 was therefore sustained.

---

NOTE

In Abstract 41740 (2 Cust. Ct., 782) the opinion has been changed to read as follows:

Opinion by KEEFE, J.   In accordance with stipulation of counsel the protest was sustained except as to certain metal kitchenware, tablecloth, and glassware which were held properly classified.