**No. 46797.**—Protest 952672–G/11347 of Frank L. Allen, Inc. (New Orleans).

Opinion by DALLINGER, J.   The only witness, the manager of the plaintiff corporation, testified that the merchandise was invoiced as "7 Pcs. Parts of sugar quadruple effect" and 9 crates of "cast iron valves"; that "one of such parts is a condenser used to condense the vapors which are boiled off the juices derived from the sugar-cane"; that a sugar mill could not be operated efficiently without such a machine; that the "valves" are "used in feeding vacuum pans used to evaporate the sugar syrup to grain"; and that he did not know of any sugar mill that did not have these valves.   On redirect examination he testified that the chief use of the parts constituting the imported merchandise in question was in the sugar industry, in his own experience.   On the record presented the merchandise in question was held entitled to free entry under paragraph 1604 as claimed.

BEFORE THE THIRD DIVISION, JANUARY 8, 1942

**No. 46798.**—Protest 74509–K of Wm. Filene's Sons Co. (Boston).

Opinion by CLINE, J.   In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty as claimed.

**No. 46799.**—Protests 900052–G, etc., of E. Butterworth & Co. (New York).

Opinion by CLINE, J.   The government examiner testifying in behalf of the plaintiff stated that the commodity in question is soft jute thread waste, similar to that involved in Abstract 36301.   The only government witness, a manufacturer of jute felt, disagreed with the examiner and stated that in his opinion the commodity is a hard jute waste in which the yarn is twisted tight, that is, sized waste, which he would describe as a treated hard thread.   He also testified as to the manner in which the waste is used in the manufacture of jute felt but was unable to state what percentage of the time his industry so uses it and that they only use it when they are unable to obtain the soft jute thread waste.   He also admitted that he had no knowledge of the use of the merchandise other than in his own trade.   From the record it was held that the plaintiff had sustained its burden of proof and that the government had conceded that the instant merchandise is similar to that involved in Abstract 36301.   In accordance therewith the court found the commodity to be paper stock and held it entitled to free entry under paragraph 1750 as claimed.