No. 46985.—Protests 932023–G, etc., of I. Magnin & Co., Inc. (New York).

Opinion by TILSON, J. The evidence established that certain of the items consist of woven silk mufflers, hemmed and block-printed by hand. It was therefore held that those imported prior to the effective date of the British Trade Agreement (T. D. 49753) are dutiable at 60 percent under paragraph 1209 and those imported subsequent to the said date are dutiable at 35 percent under paragraph 1209 and T. D. 49753. The protests were sustained to that extent.

No. 46986.—Protests 853031–G, etc., of John C. Sleater Co., Inc. (New York).

Opinion by KINCHELOE, J. In accordance with stipulation of counsel and following Bullocks v. United States (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty.

BEFORE THE THIRD DIVISION, FEBRUARY 25, 1942

No. 46987.—Protest 23396–K of Dolliff & McGrath (Boston).

Opinion by CLINE, J. It appeared that the collector assessed duty on the basis of the steel bars as valued above 1½ cents per pound. From the record it was found that exhibit 2 in the case checks with the number of packages here in question and the weight of the merchandise in kilos. The total amount of freight stated thereon agrees with the amount stated on the invoice. This was therefore held to be positive evidence that the ocean freight was based upon the weight and not upon the value of the merchandise, and should have been prorated accordingly, but the court was without proof whether the item "cost of carriage to port and loading," which is a nondutiable charge, was based on weight or value. The court therefore held that the liquidator should have adopted as a basis for prorating the item of ocean freight, the weight of the bundles of steel bars involved, in order to arrive at the rate of duty assessable thereon. To that extent the plaintiffs' claim was sustained.

No. 46988.—Protest 78837–K of Canada Dry Ginger Ale, Inc. (New York).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise consists of dried ginger root, unground, the same as that involved in Wilson v. United States (28 C. C. P. A. 63, C. A. D. 126), the claim for free entry under paragraph 1768 was sustained.