to notify their principals in Belfast that they had furnished the appraiser in New York with new values, and that in fact the values that the examiner had in Cleveland were correct." Upon receipt of such information the petitioner decided not to institute contemplated reappraisement proceedings. The appraiser at Cleveland testified that from his dealings over a period of many years he was satisfied that the reputation of the petitioner was very good and that he had never considered any of its acts as an attempt to defraud the Government of its revenues. From a careful consideration of the record presented it was found there was no intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case. · The petition was therefore granted.·

BEFORE THE THIRD DIVISION, SEPTEMBER 16, 1942

No. 47555.—Protests 8178–K, etc., of American President Lines et al. (Honolulu, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 47556.—Protests 813046–G/85384, etc., of G. W. Sheldon & Co. et al. (Chicago, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 47557.—Protests 844298–G (B), etc., of P. Alonge & Bros. et al. (New York).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 47558.—Protests 948667–G, etc., of Baltimore & Ohio R. R. Co. et al. (Baltimore, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 47559.— Protest 46196–K of Butler Bros. (San Francisco).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty. The protest was therefore sustained as to certain of the items.

No. 47560.—Protests 933450–G, etc., of L. Bamberger & Co. (New York)

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in

question was held not subject to countervailing duty. The protests were therefore sustained as to certain of the items.

**No. 47561.**—Protests 988122–G, etc., of Maray Corp. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty. The protests were therefore sustained as to certain of the items.

**No. 47562.**—Protests 25525–K, etc., of Lau & Co. et al. (Honolulu).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446) the merchandise in question was held not to be distilled spirits and therefore not subject to the internal revenue tax. The protests were sustained as to certain of the items.

BEFORE THE SECOND DIVISION, SEPTEMBER 17, 1942

**No. 47563.**—Protests 2078–K, etc., of Associated Merchandising Corp. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that the mufflers in question are hemmed and are of the same character as those involved in Abstract 45938 the claim at 60 percent under paragraph 1209 was sustained.

**No. 47564.**—Protest 8083–K of Wm. Filene's Sons Co. (Boston).

Opinion by TILSON, J. In accordance with stipulation of counsel that the mufflers in question are similar in all material respects to those involved in Abstract 45938 the claim at 60 percent under paragraph 1209 was sustained.

**No. 47565.**—Protests 34048–K, etc., of N. S. Meyer, Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel that certain of the items in question consist of woven fabrics similar to those involved in *Meyer* v. *United States* (6 Cust. Ct. 191, C. D. 459) the claim at 40 percent under paragraph 385 and T. D. 48316 was sustained.

**No. 47566.**—Protests 72017–K, etc., of G. Hirsch Sons, Inc. (New York).