No. 47628.—Protests 868115–G, etc., of International Clearing House of N. Y. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty.

No. 47629.—Protest 87437–K of Rogers Peet Co. (New York):

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty.

BEFORE THE FIRST DIVISION, OCTOBER 9, 1942

No. 47630.—Protest 17241–K/88963 of International Forwarding Co. (Chicago).

Opinion by WALKER, J. The entry was liquidated dutiable as entered. Some time later the importer discovered that had a declaration of the shipper been filed in connection with the entry in accordance with certain regulations (T. D. 49643) such of the merchandise as consisted of northern white pine would have been entitled to exemption from the tax imposed by the revenue act. The importer requested the collector to reliquidate the entry free of the tax, which the collector refused to do, after submitting the matter to the Bureau of Customs for instructions. Within 60 days the protest at bar was filed. When the case was called for trial the Government counsel moved to dismiss the protest on the ground that it was untimely and also that, although the protest purports to be filed against the collector's refusal to reliquidate for clerical error, the facts in the protest do not indicate that clerical error was made or that the original request of the importer was for the correction of a clerical error. The failure sought to be remedied by the request for reliquidation was one of ignorance of law rather than clerical error, and clerical error, according to *United States* v. *Wyman* (4 Ct. Cust. Appls. 264, T. D. 33485), implies the incorrect execution of an intention. From the protest and the official papers it clearly appeared that at the time of entry there was no intention to claim the benefit of section 704, Revenue Act of 1938, by complying with the regulations referred to, but rather the intention to enter the merchandise as dutiable. As that intention was carried out, and there was no intention to do other than was done, the court found the collector had properly refused to reliquidate. The motion to dismiss the protest was therefore granted.