**No. 52132.**—Chong Kee Jan & Co. et al. *v.* United States, protests 10195–K, etc. (San Francisco).

Opinion by CLINE J. In accordance with stipulation of counsel and following the decisions cited, the protests were sustained as follows: (1) Kumquats similar in all material respects to those the subject of *United States* v. *Fung Chong Co.* (34 C. C. P. A. 40, C. A. D. 342) were held dutiable at 1 cent per pound under paragraph 743 as oranges; (2) lotus nuts the same as those involved in *Oy Wo Tong Co.* v. *United States* (5 Cust. Ct. 70, C. D. 372) were held free of duty under paragraph 1669 as crude drugs; (3) fish in lard with beans similar to the merchandise passed upon in Abstract 42516 was held dutiable at 20 percent under paragraph 1558 as nonenumerated manufactured articles; and (4) articles in part of bamboo the same as those the subject of Abstract 50981 were held dutiable at 45 percent under paragraph 409.

**No. 52133.**—Artmart Linen Co. et al. *v.* United States, protests 45202–K, etc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441), the merchandise in question was held not subject to countervailing duty.

**No. 52134.**—Jersey City Stores, Inc. *v.* United States, protest 133106–K (New York).

Opinion by EKWALL, J. From the official papers it appeared that the plaintiff was not the proper party to file a protest under section 514, Tariff Act of 1930, since it was not the importer, consignee, or agent of any party paying any exaction of the kind covered by said section, but was a warehouse corporation protesting the distribution on the part of the collector of the proceeds of a sale at public auction of abandoned merchandise which had been sent to general order. In the absence of an entry, the collector after the sale-retained the duties on the merchandise to which he had prior claim under section 564 and paid a certain portion of the storage charges claimed by the warehouse corporation. On the record presented, the motion to dismiss was granted. *Gibraltar Warehouses* v. *United States* (68 Treas. Dec. 400, T. D. 47933) and *Rapken & Co., Ltd.* v. *United States* (72 id. 35, T. D. 49058) followed.