(C. D. 120)

PIKE-SIMMONS CO. ET AL. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 9, 1939)

Harper & Harper (Abraham Gottfried of counsel) for the plaintiffs.
Webster J. Oliver, Assistant Attorney General (John McDermott and Charles A. Galligan, special attorneys), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

DALLINGER, Judge: These are suits against the United States arising at the port of Los Angeles brought to recover certain customs duties alleged to have been improperly exacted on a particular importation of steel angles with legs or webs less than 3 inches in length. Duty was levied thereon at the rate of three-tenths of 1 cent per pound under paragraph 304 of the Tariff Act of 1922 as steel bars of the kind therein made dutiable at that rate. It is claimed that said articles are properly dutiable at one-fifth of 1 cent per pound under the provision for steel angles in paragraph 312 of said act.

In evidence herein is the following signed stipulation:

It is hereby stipulated by and between counsel for the respective parties, subject to the approval of the Court:

(1) That the merchandise marked "A" and checked by MMM on the invoice covered by the protests enumerated above and assessed with duty at 3/10ths of one cent per pound under paragraph 304 of the Tariff Act of 1922 consists of steel angles with legs or webs less than three inches similar in all material respects to the merchandise the subject of Judson Freight Forwarding Co. v. United States, 20 C. C. P. A. 229, T. D. 46038 and therein held dutiable at 1/5th of one cent per pound under paragraph 312 of the same Act.

(2) It is further stipulated and agreed that the record in Judson Freight Forwarding Co. v. United States, 20 C. C. P. A. 229, T. D. 46038 may be incorporated in the record in this case and the protests be deemed submitted on the stipulation, the protests being limited to the items marked "A" and abandoned as to all other claims.

(3) That the right to further amend and the first docket call are hereby waived.

(4) That the protest be submitted upon this stipulation without further hearing or argument.

It appears from the official papers that the entry was liquidated July 25, 1929, whereas the protest was not filed until May 28, 1937. The pertinent portion of protest 899154–G reads as follows:

The Collector of Customs, Port of Los Angeles,

Sir: Protest is hereby made against your liquidation or your decision assessing, imposing or collecting duty, * * * in connection with the entries referred to below. The reasons for objection under the Tariff Act of 1930 are as follows:

All the angles assessed at 3/10 cent per pound paragraph 304, should be classified at 1/5 cent per pound paragraph 312. No notice of liquidation was given.

\* \* \* \* \* \* \*

On the question of classification, inasmuch as the agreed facts and the law applicable thereto have been finally determined by the appellate court, there remains to be here determined the single question whether the protest was filed in accordance with section 514 of the Tariff Act of 1930, the pertinent portions of which read as follows:

SEC. 514. * * *.

* * * all decisions of the collector * * * shall, upon the expiration of sixty days after the date of such liquidation, * * * be final and conclusive * * * unless the importer * * * shall, within sixty days after, but not before such liquidation, * * * file a protest in writing with the collector setting forth distinctly and specifically, * * * the reasons for the objection thereto * * *.

At the hearing held at Los Angeles on June 7, 1938, the plaintiffs offered in evidence the testimony of two witnesses. The first, Frank B. Schoeppe, liquidator in the customhouse at Los Angeles, testified that he had with him a posting sheet which purports to have given notice of the liquidation of entry 3505 of October 20, 1928, covered by protest 899154-G; that the name of the importer of said entry was given as James Loudon & Co.; that there was an owner's declaration on file with said entry showing the name of the importer to be Pike-Simmons Co.; that such owner's declaration was filed on October 30, 1928, or within 90 days after the posting of said notice of liquidations; that the J. Loudon whose name appears on the posting sheet was the principal in James Loudon & Co., customs brokers; that he had with him a copy of the liquidation posting sheet purporting to give notice of the dutiable entry 9187 of April 13, 1929, which was the subject of protest 899153-G; that the name appearing as the importer on said sheet was "J. Loudon" but that the actual owner of the merchandise as shown by the owner's oath filed with the papers covered by protest 899154-G in the case of entry 3505 was "Steel Incorporated."

On cross-examination the witness testified that the liquidation was posted in the name of "J. Loudon" because said J. Loudon entered the merchandise; and that the liquidation was posted as of July 25, 1929.

At this juncture counsel for the Government moved to dismiss protest 899154-G on the ground that it was untimely, liquidation having been made in 1929 and the protest having been filed July 17, 1934.

The witness then testified that the notice of liquidation of entry 9187 covered by protest 899153-G was posted in the name of J. Loudon because James Loudon & Co. made the entry, the date of liquidation being July 25, 1929. Thereupon counsel for the Government moved to dismiss protest 899153-G on the ground that it was untimely.

On redirect examination the witness testified that it was the usual practice in his office in posting entries of this nature to post them

under the name of the importer and not under the name of the ultimate consignees.

The second witness Abraham Gottfried testified that he was admitted to the practice of the law in the State of California and before the United States Customs Court; that he is employed by the firm of Harper & Harper, counsel for the plaintiffs in these cases; that, being in charge of the Los Angeles office of Harper & Harper, he received an inquiry from the importers in these cases as to why refunds had not been made in the matter of these two entries; that upon checking the records in the customhouse he found the purported notice of posting the liquidations of said entries on the dates previously testified to in the year 1929; that no protest was filed at the time when such purported notice of liquidations was given; that the man whose duty it was to handle such matters died in 1931; and that protests were filed immediately upon discovery of said purported notice.

Upon motion of counsel for the Government the testimony of the witness Gottfried was stricken from the record as a self-serving declaration.

A certified copy of the notice of liquidation was admitted in evidence as Exhibit 1. It reads as follows:

Treasury Department
Customs Form 4333

*United States Customs Service*

Entries Liquidated on *Jul 25 1929* & so stamped.

| Dutiable | Date of Entry | Importer | Vessel | Remarks (Increase, refund, No change) |
|---|---|---|---|---|
| 9181 | April 13, 1929 | J. Loudon | | AE. |
| 9183 | " | " | | |
| 9184 | " | " | | |
| 9187 | " | " | | Inc. |
| 0189 | " | " | | AE. |
| 3505 | Oct. 10, 1928 | J. Loudon | | Inc. |

Certified extract from liquidation of July 25, 1929 consisting of 108 pages.

/s/ F. W. SCHOEPPE,
*Actg. Deputy Collector.*

Upon the entire record we are of the opinion that the motions of counsel for the Government to dismiss both of these protests on the ground that they are untimely should be and hereby are granted.

Both of these protests are therefore dismissed and judgment will be rendered accordingly.