(C. D. 1478)

JOSEPH ULLMANN BROKERAGE CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 25, 1952)

*Brooks & Brooks* (*Thomas J. McKenna* of counsel) for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

EKWALL, Judge: This protest is directed against the liquidations of warehouse entries covered thereby involving shipments of fox fur skins imported into the United States from Canada during the months of January and February 1945. Plaintiff, the owner of the goods, claims that the notices of liquidation were not posted in accordance with the law and regulations thereunder. (Section 505, Tariff Act of 1930, and section 16.2 (*d*) of the Customs Regulations of 1943, in effect at the time of liquidations of the entries.) The entries were filed in the name of the customhouse broker, W. J. Byrnes & Co. of

New York, Inc., as importer. That firm declared that it was not the owner of the merchandise and that such owner was the plaintiff herein, Joseph Ullmann Brokerage Corp. An owner's declaration was duly filed with the collector, under authority of section 485 (d) of the Tariff Act of 1930, in which plaintiff herein acknowledged ownership of the merchandise and assumed liability for all additional and increased duties. It is plaintiff's contention that the posting should have been in the name of the owner of the merchandise as set forth in the owner's declaration. The record discloses that said plaintiff requested the collector of customs to repost the liquidations as to both entries involved in the name of the owner. The collector's refusal to accede to this request was based upon advice which he received from the Commissioner of Customs to the effect that by his action in filing the owner's declarations said owner had been—

* * * apprized of the entry number and the name of the importer of record * * *.

Consequently, the posting in the name of the importer of record constituted adequate notice (joint collective exhibit D).

Against this refusal, the instant protest was filed. Said protest was filed several years subsequent to liquidation but within 60 days after the collector's reply to letters from plaintiff's counsel requesting reposting.

There is little, if any, dispute concerning the facts in this case, which are substantially as follows:

Two entries are involved, warehouse entry 4022, dated January 31, 1945, and warehouse entry 4103, dated February 6, 1945, both of which entries were filed in the name of the customhouse broker, W. J. Byrnes & Co. of New York, Inc., which firm declared at the time of entry that it was not the owner of the merchandise covered by said entries and that Joseph Ullmann Brokerage Corp. was such owner. Within the statutory time therefor, W. J. Byrnes & Co. of New York, Inc., duly filed with the collector owner's declarations under the provisions of section 485 (d), executed by Joseph Ullmann Brokerage Corp., in which the latter acknowledged ownership of the merchandise and assumed liability for all additional and increased duties which might accrue upon liquidation.

Entry No. 4022 covered 283 fur skins, 101 of which were withdrawn from warehouse by a transferee and exported under customs supervision on April 13, 1945. The balance of 182 skins was withdrawn from warehouse for consumption on March 10, 1945. This entry bears the notation "Liquidated September 30, 1946" and the liquidation was posted in the name of W. J. Byrnes & Co. of New York, Inc. This liquidation was never posted in the name of Joseph Ullmann Brokerage Corp.

Entry No. 4103, dated February 6, 1945, covered 39 fur skins which were withdrawn from warehouse for consumption on March 10, 1945, and this entry bears the notation "Liquidated April 18, 1945." This liquidation was likewise posted in the name of W. J. Byrnes & Co. of New York, Inc., and was never posted in the name of Joseph Ullmann Brokerage Corp., as set forth in the owner's declaration. On March 3, 1949, the collector of customs attempted to cancel the aforesaid posting and in July 1949, canceled the attempted cancellation by drawing a line through the previous posting, inserting the word "VOID" at the extreme left end of the said posting and then adding below the line parenthetically "orig LIQ stands—orig posting is correct."

On February 24, 1949, Joseph Ullmann Brokerage Corp. requested the collector of customs to repost both of said entries in the name of Joseph Ullmann Brokerage Corp. since it had duly filed owner's declarations under section 485 (d) of the Tariff Act of 1930. This request the collector refused and in support of such refusal quoted the following from the Commissioner of Customs, received through the collector of customs at New York:

The posting of a liquidation under the name of an importer of record constitutes a completely adequate notice to an owner whose declaration on customs Form 3347 has been filed in accordance with the provisions of section 485 (d) since the owner in executing customs Form 3347 is apprized of the entry number and the name of the importer of record by and through whom such declaration is filed.

Against the collector's refusal to repost, as set out above, Joseph Ullmann Brokerage Corp. has filed this protest.

Section 485 (d) of the Tariff Act of 1930 is as follows:

A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.

The pertinent part of section 505 of the Tariff Act of 1930 is as follows:

* * * Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

The pertinent part of section 16.2 (d) of the Customs Regulations of 1943 is as follows:

Upon the return of entries to the collector after the assessment of duties and internal-revenue taxes has been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs Form 4333. * * * The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers and shall be dated with the date of posting. The entries for which the bulletin notice of liquidation has been posted shall be stamped "Liquidated," with the date of liquidation, which shall be the same as the date of the bulletin notice of liquidation. Such stamping shall be deemed the legal evidence of liquidation.

When this case was called for hearing, counsel for the Government moved to dismiss the protest as untimely on the ground that as to both entries the protest was filed more than 60 days after the date of liquidation. However, in its brief filed herein, counsel for the Government makes the following contention:

It thus appears, under the foregoing authorities, that the protest in the case at bar should, in any event, be *dismissed* as *untimely* under section 514 of the tariff act, for the reason that, if the bulletin notices of liquidation are legally sufficient the protest is filed too late, and if the said liquidations have not become final as against the owner of the goods, for lack of notice, the protest is premature. [Italics quoted.]

Counsel for the plaintiff cites the case of *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147, wherein the Court of Customs and Patent Appeals held that where the collector incorrectly noted the name of the importer in the bulletin notice there had been no final legal liquidation of the entry. That case is distinguishable from the instant case. There, the name of the importer was given as "Astringent Wood Furniture Co.," and the date of the entry was also incorrect. It is obvious that such posting could not be accepted as a posting for the Astra Bentwood Furniture Co. In the instant case, however, the Joseph Ullmann Brokerage Corp. was not the importer of the merchandise but the ultimate consignee and owner thereof. The brokerage house of W. J. Byrnes & Co. of New York, Inc., was the importer of record and the firm that tendered payment of the regular duties demanded upon entry. So far as the record discloses, there were no additional or increased duties involved in the liquidations of the entries. Therefore, section 485 (d), insofar as it provides that "A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise," etc., is not applicable. The regulations above set forth provide that the posting of the liquidation shall be for the "information of importers." It is conceded by plaintiff that W. J. Byrnes & Co. of New York, Inc., was the importer of record.

A case practically on all fours with the instant case is that of *Pike-Simmons Co. et al.* v. *United States*, 2 Cust. Ct. 187, C. D. 120. There, the liquidation was posted in the name of the customs broker in whose

name entry was made. An owner's declaration was also filed in that case within 90 days subsequent to the posting of notice of liquidation. The evidence disclosed that it was the usual practice at the port of entry in posting entries of this nature to post them under the name of the importer rather than under the name of the ultimate consignee. The court held that such posting was a sufficient compliance with the regulations then in force, articles 741 (g) and 772 of the Customs Regulations of 1923. The regulations there applicable did not differ from section 16.2 (d), *supra*, insofar as pertinent to the issue here presented. The court held that protests against such liquidations filed long after the statutory period were untimely. No appeal was taken from that decision and it stands as the law of the case.

The evidence in the instant case discloses that it was the practice of the collector at New York, the port of entry, to notify the ultimate consignee and to list him on the bulletin notice when there was an increase in duty or a refund of duty upon liq idation, but where the entry was liquidated "no change," the practice was to list only the importer of record on the bulletin notice. The entries here involved were liquidated no change. (See joint exhibits A and B.)

Whether notice of liquidation has been given by the collector in the form and manner prescribed by the Secretary of the Treasury is a question to be determined from the record in each case. *United States* v. *Astra Bentwood Furniture Co.*, *supra*.

Upon the facts in this case and following the decision in the case of *Pike-Simmons Co. et al.* v. *United States*, *supra*, we hold that the posting herein was sufficient. Protest filed against the legal liquidations long subsequent to the statutory period (section 514, Tariff Act of 1930) is held untimely and is dismissed.

Judgment will be rendered accordingly.