(C. D. 1932)

CAVALIER SHIPPING COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 31, 1957)

*Siegel, Mandell & Davidson* (*Sidney Mandell* and *Joshua M. Davidson* of counsel) for the plaintiff.

*George Cochran Doub,* Assistant Attorney General (*Dorothy C. Bennett, William J. Vitale, Daniel I. Auster,* and *Sheila N. Schwartz,* trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

RICHARDSON, Judge: On May 14, 1952, plaintiff herein filed a protest against the decision of the collector of customs at Norfolk, Va., denying his request for a reposting of entry No. 01650, allegedly liquidated July 8, 1949. It is claimed in the protest that ". . . the original liquidation was void in that no notice of liquidation was given to the actual importer . . . ."

The trial of the case was started in New York City on December 19, 1956. At that time, there was received in evidence as plaintiff's exhibit 1, the Bulletin Notice of Entries Liquidated for the Port of Norfolk, Va. This bulletin notice, dated July 8, 1949, included, among others, the involved entry. Counsel for the defendant moved to dismiss the protest as untimely against the liquidation of the entry.

At the request of counsel, the trial was transferred to the docket at Norfolk, Va., and resumed there on March 12, 1957. Plaintiff introduced in evidence, without objection by Government counsel, as exhibit 2, a letter attached to the protest and made a part thereof, dated March 24, 1952, addressed to the collector of customs at Norfolk, Va., by counsel for plaintiff, in which he complained that the word "do" was inserted in the space provided for the name of the importer or claimant on the Bulletin Notice of Entries Liquidated and requested the reposting of the entry with the full name of the importer inserted in that space. There was also received in evidence, as exhibit 3, a letter, dated April 14, 1952, from the assistant collector of customs refusing to repost a notice of the liquidation of entry No. 01650 on the ground that sufficient notice of liquidation was posted on July 8, 1949. Counsel for the Government renewed its motion to dismiss for untimeliness and interposed a second motion to dismiss on the ground that the entry in question had previously been protested by the ultimate consignee, the case had been subsequently abandoned by the protestant, and judgment issued thereon by this court. This motion was also taken under advisement.

Plaintiff states that the protest herein is lodged against the refusal of the collector to repost the notice of liquidation and that such refusal constitutes a decision by the collector against which protest will lie under section 514, Tariff Act of 1930 (19 U. S. C., § 1514). With the latter part of this statement, we must take issue. There is no authorization under this section for a protest against the collector's refusal to repost a bulletin notice and the appellate court so held in the *Astra* case, *infra*. Therefore, if we find that the bulletin notice of liquidation was legally sufficient, defendant's motion to dismiss the protest for untimeliness must be granted.

The liquidation and posting of which the plaintiff complains was effected under section 505 of the Tariff Act of 1930 (19 U. S. C. § 1505) and section 16.2 (*d*) of the Customs Regulations of 1943, as amended. The pertinent provisions are as follows:

SEC. 505. PAYMENT OF DUTIES.

. . . Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

Section 16.2 (*d*) of the Customs Regulations of 1943:

Upon the return of entries to the collector after the assessment of duties and internal-revenue taxes has been verified by the comptroller, formal entries shall be immediately scheduled on a bulletin notice of liquidation, customs Form 4333. When free consumption entries in an unbroken series of numbers are liquidated free on the same day, only the first and last entry numbers are required to be shown on the bulletin notice, e. g., "567/8633." As to such entries, the names of the importers of record and the importing vessels are not required to be shown on the bulletin notice, although the proper notation shall appear in the column headed "Remarks." . . . The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers or lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidations of entries are to be found. . . .

Although the claim of lack of notice made in plaintiff's protest seemed to be based solely on the use of "do" in the space provided for the name of the importer or claimant, at the trial, he attacked other phases of the posting. At that time, he assigned as additional defects in said bulletin notice (1) the use by the collector of the abbreviations F. C. E. and D. C. E. for free consumption entry and dutiable consumption entry, respectively, on the ground that this abbreviated description of the kind of entry could confuse or mislead an importer; (2) the failure to include Alreco Metal Corporation in the listing of the importer's name; (3) and the abbreviation of Cavalier Shipping Company, Inc., to Cavalier Shpg. Co., Inc. Plaintiff did not offer any testimonial evidence in support of the claims advanced by him, but rested his case upon the introduction of exhibits 1, 2, and 3, *supra*, and counsel's argument on the record.

We append hereto a photostatic copy of the bulletin notice, as posted. An examination of this document discloses that, for the first entry posted thereon, to wit, number 01409, there is typewritten under the column heading "Importer or Claimant" the name "Cavalier Shpg. Co. Inc." For the succeeding 13 entries, the word "do" appears in the "Importer or Claimant" column. Entry number 01650 is the fifth entry in this list of thirteen. Under the column heading "Kind of Entry," there is typewritten opposite the first entry listed, the letters F. C. E.

The basic issue presented to this court for determination is whether the posting of entry number 01650 was legally sufficient and afforded the importer notice of the liquidation of said entry.

Both this court and the appellate court have repeatedly reaffirmed the principle that, in order to constitute legal notice, the notice of liquidation must be given by the collector in the form and manner prescribed by the Secretary of the Treasury, and whether this has been properly done is a question to be determined in each case.

We shall first direct our attention to the effect on the legal sufficiency of the notice of the use of the term "do" to indicate the name of the importer, since this was the specific objection made in the protest.

The term "ditto" is defined in Funk & Wagnalls New Standard Dictionary as follows:

1. The same thing repeated; the aforesaid: a substitute for the repetition of an entry, as in a list of goods; as, silk umbrellas at $5, gingham *ditto* at $2. *In commercial or familiar use often written do.*, or expressed in the United States by two inverted commas (") and in England by two commas (,,) beneath the word intended to be duplicated. [Emphasis supplied.]

"Ditto" is defined in the Unabridged Merriam-Webster Dictionary as:

1. The aforesaid thing, the same (as before);—*often abbreviated to do.*, or represented by two "turned commas" ("), or small marks. Used in bills, accounts, tables of *names*, etc., to save repetition. [Emphasis supplied.]

See also: Do., abbr. Ditto.

The question of the propriety of the use of "do" to indicate the name of an importer on a bulletin notice of liquidation, as far as the writer could discover, has not been before this court for consideration and is, therefore, a question of first impression. However, the use of the term to indicate names in official notices has been considered and passed upon by other courts. Although these cases were not cited by counsel for either party, this court may take judicial notice of the decisions of other courts.

In the case of *Duerr et al.* v. *Snodgrass*, 58 W. Va. 472, 475; 52 S. E. 531, 533, action was brought to set aside and declare void a tax deed made by the clerk of the county court. One of the reasons advanced as to why the tax deed should be canceled was that the return of sales failed to show the name of the purchaser, as required by statute. The court, in passing upon this contention, said:

. . . From an examination of the list of sales, we are forced to conclude that this contention of the plaintiff is not supported. The return of sales shows that the defendant, R. E. L. Snodgrass, was the purchaser of another lot, sold in the name of Samuel Karnes, and under the heading "Name of Purchaser" R. E. L. Snodgrass, by name, is referred to as having purchased the Karnes lot, and immediately following, showing the sale of the lots returned in the name of Fannie M. Rogers, under the same heading, the purchaser is designated by the use of the abbreviation for ditto, "Do." The name of the purchaser appearing immediately above the letters "Do.," it cannot be mistaken as to what was intended by the abbreviation. In the case of Hughes v. Powers, 42 S. W. 1, 99 Tenn. 480, the court held that ditto marks are to be held as repetitions of what appears on the line above, and are as much a part of the English language as are punctuation marks, and they are often given an important, and sometimes a controlling, part in the construction of general writings, and in the interpretation of legal documents and statutes and constitutions, and, being regarded as a part of the language, the courts will, of course, take judicial notice of their meaning. And, also, in the case of New England Loan & Trust Co. v. Avery (Tex. Civ. App.) 41 S. W. 673, the court held that ditto marks are generally understood to mean the "same as above," and that a statute requiring the index to a judgment record to contain the names of the plaintiff and defendant is satisfied, where the same party has been defendant in several actions, by the writing of his name once as defendant in the action first indexed, and the use of ditto marks in the place of his name in the title to the other actions. "Ditto marks. Marks which are generally understood to mean, 'the same as above.' " [Citing authorities.] Therefore the letters "Do." being an abbreviation for "ditto," and meaning "the same as above," it is clear that the return of sales shows the name of the purchaser of the lots in question.

The use of ditto marks in an election return was upheld in *In Re Opinion of the Justices*, 70 Me. 560.

Although these cases are in no manner controlling on this court, they serve to indicate that the term "ditto" and the abbreviations of that term, namely, "do" and ditto marks ("), have acquired a fixed and determinate meaning and are in common usage; therefore, in our opinion, the abbreviations could not reasonably be misleading to an importer when used under his name on a bulletin notice of liquidation,

together with the specific entry number, the date of the entry, and the name of the importing vessel. Indeed, nowhere in the record does the plaintiff claim to have been misled or confused by the use of this term, but objects solely on the ground that the use of "do" on the notice to indicate the name of the importer violated the statutory and regulatory provisions as more fully interpreted in the case of *United States* v. *Astra Bentwood Furniture Co.*, 28 C. C. P. A. (Customs) 205, C. A. D. 147, in which the name of the importer, Astra Bentwood Furniture Co., Inc., was posted as Astringent Wood Furniture Co., and the date of entry was incorrectly given.

Counsel for the Government argues that while the inference may be drawn from section 16.2 (*d*), *supra*, that names of the importers may be listed on those entries on customs Form 4333, which are not free consumption entries in unbroken series of numbers, as in the instant case, the section does not contain a specific provision as *to how* their names can be shown. Therefore, a notation which plainly discloses the name of the importer should be sufficient notice within the meaning of the regulation. Defendant argues, further, that since the abbreviated form of "ditto" is a term accepted and clearly understood in the commercial world, it was properly used by the collector in posting the name of the importer herein and afforded him sufficient, legal notice. We agree with the views expressed.

The facts in the case at bar distinguish it from the *Astra* case, *supra*, and *M. Dublin* v. *United States*, 2 Cust. Ct. 14, C. D. 77, cited by plaintiff. In the former case, the name posted was different from that of the importer, and, in the latter, the name was illegible. In the instant case, the importer's name was neither misspelled nor illegible. In the *Dublin* case, *supra*, proof was presented that the failure of plaintiff to make timely protest was due to the manner in which the entry was posted, but no proof of this nature appears in the record of the trial in this case.

Plaintiff contends that the posting should have been in the name of Cavalier Shipping Company, Inc., Alreco Metals Corp. The liquidator at the port of Norfolk, who was called as a witness by the Government, stated that he prepared the bulletin notice, that the entry was made by Cavalier Shipping Company, Inc., and that the entries were always posted in the name of the entrant. It was specifically stated in plaintiff's exhibit 2, that entry number 01650 was entered by Cavalier Shipping Company, Inc., on account of Alreco Metal Corporation. The consumption entry form was made in the name of Cavalier Shipping Co., Inc., and Alreco Metal Corp. was listed only as the nominal owner in a declaration made by an agent of plaintiff. It is clear that Cavalier Shipping Co., Inc., was the entrant and the posting of the entry in its name, without the inclusion of Alreco Metal Corporation, was proper.

Plaintiff complains that the use of the abbreviations F. C. E. and D. C. E. for free consumption entry and dutiable consumption entry on the bulletin notice could confuse and mislead an importer and that their use was improper. In this connection, the liquidator at Norfolk, who testified that he had prepared the bulletin notice in question, stated that these types of entries had been described on bulletin notices by the use of the abbreviations complained of for "years and years and years" and that he presumed that an importer would know what they meant. One will be presumed to know that which is commonly understood by persons in like circumstances, or that which ordinary attention to his interests would lead him to know, or that which performance of his obligations to others would bring to his attention. These are presumptions of fact and are rebuttable. 1 Merrill on Notice, section 42. Plaintiff offered no proof that he was unfamiliar with these abbreviations. In fact, he did not profess lack of knowledge of the meaning of F. C. E. and D. C. E., as used on the bulletin notice, nor does he allege that he was confused or misled thereby, but contends there was no evidence to show that the average importer would know what they meant. Certainly, the abbreviations used as they are on the bulletin notice, with the specific entry numbers, the dates, the name of the importer, and the importing vessels could not be misleading so as to cause an importer to feel that they referred to an entry or entries with which he had no concern.

Plaintiff contends that even if the Government's explanation that the term "do" refers to the preceding entrant on the bulletin notice be accepted, there is still error because the name on the notice is Cavalier Shpg. Co., Inc., and this name does not conform to the exact name of the entrant, Cavalier Shipping Co., Inc. This court upheld as sufficient the posting of a notice of liquidation of an entry in which the name of the customs broker, who made the entry, J. Loudon & Co. appeared as J. Loudon opposite one entry, and was further indicated for additional entries on the same notice by ditto marks placed thereunder. The use of the abbreviated name, not the ditto marks, was questioned. *Pike-Simmons Co. et al.* v. *United States*, 2 Cust. Ct. 187, C. D. 120. In another case before this court, the name of the importing firm, Steinhardter & Nordlinger was listed in the bulletin notice as Steinhardt & Nord. The importer claimed that the liquidation was invalid, because no notice had been given the importer and because the name of the importer did not appear therein, as required by the customs regulations then in effect. The court, in ruling against the importer, stated that it was not passing on the use of abbreviations, but, nevertheless, noted that the name of the importing firm was "somewhat abbreviated" and expressed the opinion that, in its judgment, it was sufficient to notify the employee of the attorneys for the plaintiff that the importation had been made by its clients.

*Steinhardter & Nordlinger* v. *United States*, 56 Treas. Dec. 697, T. D. 43764.

Plaintiff urged two further objections on which we shall comment briefly. One was that the statute and regulations require "immediate posting" and that there was no compliance with the law in this respect. Section 16.2 (*d*) provides that the bulletin notice should be posted "as soon as possible," which, in our opinion, is not a directive to post without delay or without intervention of time, but requires that the posting be done as quickly as it is practicable or feasible to do so. The second of these objections was directed toward the fact that the bulletin notices are posted in such a manner that they can be and are removed by the brokers and importers for copying and that it was possible that a notice might be removed and not returned. We do not feel that this complaint merits discussion, since the bulletin notice that was posted is exhibit 1 in this case and obviously was not taken away by anyone.

The plaintiff states in his brief that the appellate court, in the case of *United States* v. *Judson Sheldon Division, National Carloading Corp.*, 42 C. C. P. A. (Customs) 202, C. A. D. 594, established a principle of law to govern decisions in cases such as this, stated, at page 203:

The basic issue before this court is whether the information contained in the bulletin notice of liquidation was sufficient to inform the importer of the date of liquidation. As a corollary, it must be added that if the importer could have reasonably been misled or confused by the bulletin notice of liquidation, as posted, then it must be held that the notice was legally insufficient.

Applying this reasoning to the case at bar, we do not feel that plaintiff herein could have been misled by the designation of Cavalier Shipping Co., Inc., as Cavalier Shpg. Co., Inc., on the bulletin notice, nor are we of the opinion that the other elements of posting, of which the plaintiff complains, could have misled or confused him. Since, under our view of the case, the importer could not have *reasonably* been misled or confused by the bulletin notice of liquidation, as posted, and the bulletin notice contained all required and material information, we are of the opinion that it constituted proper notice of liquidation and was legally sufficient.

In reaching our conclusion, we have not considered the evidence, admitted over the objection of plaintiff, that protests were timely filed against other entries made by Cavalier Shipping Company, Inc., the plaintiff herein, and posted on the bulletin notice under discussion, with the "do" notation to indicate the name of the importer.

Since the bulletin notice, as posted, constituted sufficient and valid notice to the importer, the protest, which was not filed within the statutory 60-day period, is untimely and must be dismissed.

Judgment will be rendered accordingly.