HENRY A. WESS, INC. *v.* UNITED STATES    (No. 5273)\*

United States Court of Customs and Patent Appeals, May 4, 1967

*Allerton deC. Tompkins* for appellant.

*Barefoot Sanders*, Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section, *Harold L. Grossman* for the United States.

[Oral argument April 3, 1967 by Mr. Tompkins and Mr. Vance]

---

\*C.A.D. 910.

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK.**

ALMOND, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the United States Customs Court, Third Division, 57 Cust. Ct. 139, C.D. 2743, dismissing consolidated protests on the ground that they were untimely filed.

The involved entries were liquidated on September 24, 1962. The protests were filed on May 10, 1963, beyond the statutory period of 60 days after liquidation provided in section 514 of the Tariff Act of 1930. The protests were predicated on the refusal of the collector to *repost* the notices of liquidation. Appellant contends that the liquidation notices were not posted in compliance with section 16.2(d), Customs Regulations of 1943, as amended (19 CFR 16.2(d)).

The pertinent statutory and regulatory provisions are as follows:

Section 505 of the Tariff Act of 1930:

Payment of Duties.

* * * Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

Section 16.2(d) of the Customs Regulations of 1943, as amended (19 CFR 16.2(d)):

Procedure; notice of liquidation.

(d) After liquidation by the collector, formal entries, except free consumption entries liquidated "As Entered," shall be scheduled promptly on a bulletin *notice of liquidation, customs Form 4333.* * * * The *bulletin notice of liquidation* shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers or lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidations of entries are to be found. * * *

The issues posed here are succinctly stated by appellee's contentions, which in substance are as follows:

1. There is no statutory authorization under section 514, supra, for the filing of a protest against the refusal of the Collector to repost liquidation notices * * *.

2. The protests * * * filed more than 60 days after * * * liquidation, were properly dismissed for untimeliness because the record clearly and conclusively reveals that the involved Bulletin Notices of Liquidation were duly posted in a legally sufficient manner in accordance with the pertinent statutory and regulatory provisions of law.

3. The regulations [19 CFR 16.2(d)] * * *, which alone require posting of notices of liquidation in the first instance, are reasonable.

---

**Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Relative to contention 1 above, which raises an issue of law, we are in agreement with the disposition made thereof by the court below that:

There is no statutory authority for the filing of such protest, and the courts have so held. See *United States* v. *Astra Bentwood Furniture Co.*, 28 CCPA 205, C.A.D. 147, and *Cavalier Shipping Company, Inc.* v. *United States*, 39 Cust. Ct. 219, C.D. 1932. And on the record before us, unless it is established that Bulletin Notices of Entries Liquidated were not posted against the involved entries as required by law, there is no question but that the instant protests are subject to dismissal for untimeliness (i.e., entries liquidated September 24, 1962, and protests filed May 10, 1963).

The relevant inquiry, therefore, relates to the posting practices employed at the port of Cincinnati, Ohio, during the period embracing September 24, 1962 and 60 days thereafter. The record consists of the testimony of three witnesses, and documentary evidence including the Bulletin Notices of Entries Liquidated in question (defendant's exhibit A).

In the trial proceedings before the court below, as shown by the record, Harriet A. Wess, a witness for plaintiff–appellant and a customs broker at Cincinnati with 35 years experience as such, testified that she is familiar with procedures followed by the collector in posting bulletin notices of liquidation; that such notices were always posted on a bulletin board in the public part of the collector's office "with the last dated liquidation on the top of the preceding ones"; that either she or her sister, an employee in appellant's office, would check the board by taking a transcription of the bulletin sheets and "making a copy of the information that was there"; that from time to time she checked the notices to see if the initial "W" had been put thereon, which served as an indication that either she or her sister had made a transcript of said sheets, and that after the notices were copied, the "transcripts" were taken to the broker's office, typed, and pertinent notes were made thereon. The notes indicated that between October 3 and 24, 1962, either she or her sister had made records of the September 28, September 17, and September 10 liquidation notices. The witness stated, in response to a question as to whether in all of her experience she had ever before "found that a notice of liquidation had been misfiled," that: "I don't remember an error ever having been made before." The official bulletin notices of liquidation dated September 10, September 17, and September 28, 1962, respectively, were received in evidence as plaintiff's exhibit 2. The Government conceded that on March 4, 1963, the bulletin board contained liquidation notices in the sequence of September 10, September 24, September 17.

Mr. Peterson, deputy collector in charge of the Port of Cincinnati, testified that the bulletin notice, upon receipt at his office, is time stamped and "promptly posted without any delay," and that this "is one of the things that I have been meticulous about over the years,

and very demanding with my subordinates to follow." He further testified that he was on duty September 24, 1962, and personally stamped that date on the bulletin notice; that it was his usual practice to give the bulletin notices to Miss Armentraut, "the employee who is delegated to handle this phase of the liquidations," viz. posting the notices on the bulletin board; that both he and Miss Armentraut were on duty September 24, 1962; that he personally recollects, verified by a check of office records, that they were attending to their usual duties on that date; and that, based upon his usual conduct, he would state that he gave her the notice in question for posting on the bulletin board.

Miss Armentraut testified that her duties specifically embraced the duty to post the notices of liquidation on the bulletin board on the date of liquidation; that she received the notices from witness Peterson; and that it was her invariable custom to immediately post them with the latest sets affixed on the top of the bulletin board.

On the basis of the record before us, we must agree with the Customs Court that the evidence fails to establish a lack of compliance with the statutory and regulatory provisions relative to the posting of liquidation notices affecting the involved entries. We think it may well be conceded that the notice in question was not in sequence either when the bulletin board was examined by appellant's employees during the posting period, or when the notice was discovered on the board after expiration of the posting period. However, we think the court below correctly concluded that:

* * * plaintiff has adduced no evidence to establish that the * * * notice was not posted in sequence by the collector on September 24, 1962, in keeping with his customary practice. The earliest opportunity plaintiff's witness had for examination of the bulletin board was October 3, by which time the intervention of the public in the inspection of the notices might well account for the dislocation of the notice of September 24. It is not suggested in the evidence or by way of argument that the * * * notice of September 24 was not in fact posted on September 24—only that such notice was not in sequential order during the times that the board was inspected on behalf of the plaintiff.

The involved section 505 of the Tariff Act requires the collector to "give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury." The regulation (19 CFR 16.2(d)) promulgated pursuant to that statute directs that the notice "shall be posted as soon as possible" conspicuously, and in a place suitable for inspection by all interested persons. There is no requirement that the notices be posted in any sequence. The practice in vogue of posting in sequence is clearly an accommodation and convenience to interested persons, which does not serve to enlarge or broaden the mandatory requirement of the law.

We consider sound the rationale applied by the Customs Court that:

* * * in the absence of a requirement regulating the order in which such bulletin notices are to be posted on the bulletin board or otherwise, or maintained on such * * * boards or other places, it is the plain duty of a prudent importer * * * to examine all notices posted in order to determine whether or not liquidation has been made on entries with which said importer is concerned. It has not been shown in the evidence before us that such an examination was made on each of the occasions testified to herein. * * * As we read the requirements of section 16.2(d), it does not guarantee convenience, but only availability and accessibility in the examination of bulletin notices.

It is well settled that there is a prima facie presumption that public officials have discharged the duties of their offices in accordance with the laws and regulations pertaining thereto. See, e.g., *United States* v. *Henry W. Peabody & Co.*, 40 CCPA 59, C.A.D. 498. The burden here, therefore, rests upon the importer to rebut that presumption by competent evidence. See *Olavarria & Co., Inc.* v. *United States*, 47 CCPA 65, C.A.D. 729, and cases therein cited.

In our opinion appellant has failed to rebut this presumption but, even independently thereof, the evidence of record is not, in our view, sufficient to establish that the notice under consideration was not posted in accordance with applicable law.

We have considered appellant's contention that the regulations (section 16.2(d)) are not reasonable since they do not require that the posted notices be maintained for a reasonable time in sequential order. We, however, agree with the Customs Court that:

* * * these regulations are reasonable and, in the light of the evidence before us, have been demonstrated to be functional and workable in view of the trouble-free experience with these regulations over the years that the witnesses have testified to.

We therefore *affirm* the judgment of the Customs Court dismissing the instant protests for untimeliness.