(C. D. 546)

M. Pressner & Co. v. United States

United States Customs Court, Second Division

(Decided October 27, 1941)

Siegel & Mandell (Sidney Mandell of counsel) for the plaintiffs.

Charles D. Lawrence, Acting Assistant Attorney General (John J. McDermott and Richard E. FitzGibbon, special attorneys), for the defendant.

Lamb & Lerch, amici curiae.

Before TILSON, KINCHELOE, and DALLINGER, Judges

TILSON, Judge: The two suits listed above were filed by the plaintiffs seeking to recover certain sums of money alleged to have been illegally exacted as customs duties on imported merchandise. Duty was levied on the merchandise at 50 per centum ad valorem plus 1 cent each under paragraph 1513 of the act of 1930, as dolls composed wholly or in chief value of any product provided for in paragraph 31, not having any movable member or part. Plaintiffs claim the merchandise to be properly dutiable at 60 per centum ad valorem under paragraph 31 of the same act, as compounds of cellulose made into finished or partly finished articles, not specially provided for.

Each party offered the testimony of four witnesses and samples of the merchandise and various exhibits and illustrative exhibits were admitted in evidence at the trial. The testimony of the witnesses for the plaintiffs was directed to showing how the imported merchandise was used and that it was not used for the amusement of children. On the other hand the testimony of the witnesses for the defendant was directed to showing that the imported merchandise was dolls, regardless of the use to which it was put. Each of the witnesses for the defendant stated on direct examination that the exhibits representing the imported merchandise were dolls.

Three of the plaintiffs' witnesses, who were peddlers, hawkers, or venders at fairs, carnivals, and football games, testified that they purchased this merchandise on Park Row, N. Y., and sold it to adults attending football games. It is scarcely to be supposed that men and women over 18 years of age would be interested in purchasing and wearing a doll on the lapel of their coats while attending a football game. On the other hand none of the witnesses for the defendant had purchased, sold, used, or seen used the imported merchandise.

Counsel for the defendant relies on the following quotation from the case of *Laszlo* v. *United States*, 27 C. C. P. A. 152, as supporting his contention that the merchandise is dutiable under paragraph 1513:

These cases require no discussion by us for the reason that paragraph 1513 of the Tariff Act of 1930 differs greatly from previous provisions in other tariff acts with relation to dolls, and it would seem that under said paragraph all dolls, whether toys or not, are included therein. However, that question is not before us, and it is not necessary to determine it here.

Although the above statement is clearly *obiter dicta* in the case in which it was used, as indicated by the closing sentence, it appears to be a sound statement in a case where applicable. Dolls are unquestionably included in and covered by said paragraph 1513, whether toys or not, but the above decision is no evidence of whether a miniature figure is or is not a doll. In other words, said decision does not attempt to hold that all miniature figures are dolls.

No attempt was made by the defendant to establish commercial designation for the merchandise. This case must therefore be decided on the basis of the common meaning of the word dolls. While it is true that defendant's witnesses stated that the imported merchandise was dolls such testimony is nothing more than their understanding of the common meaning of the term "dolls."

An examination of the entire record, including an inspection and examination of the samples in evidence, convinces us that the imported merchandise is outside the definition of the term "dolls" as given by the lexicographers. Funk & Wagnalls New Standard Dictionary of English Language (1939) defines "doll" as follows: "A toy puppet representing a person and used as a plaything by children, especially girls."

Of course, in a case like this, where all the testimony relates to the common meaning only of a given term, such testimony is not binding upon the courts. This rule was recently stated by the appellate court in the case of *United States* v. *Macksoud*, 27 C. C. P. A. 218, as follows:

> With respect to the testimony in the case, it should be said that there has been no effort to establish a commercial designation of the term "straight hemstitching" different from the common meaning of the term. Of course, the rule is that where testimony relates to common meaning only it is not binding upon the courts, but there are situations in which it is proper to look to it in connection with the merchandise itself and in connection with the definitions of lexicographers and technical authorities. * * *

In this case we have looked to the testimony of the witnesses as to the common meaning of the term "dolls" in connection with the merchandise itself and in connection with the definitions of lexicographers and technical authorities and after thoroughly considering the same we are satisfied that the miniature forms or figures of football players in this case are not dolls within the meaning of that term as used in said paragraph 1513. We accordingly hold that the said merchandise is not dutiable under said paragraph, as assessed by the collector.

Since it has been agreed between counsel that the merchandise "is an article wholly made of celluloid, and accordingly would be dutiable at 60 per centum ad valorem under paragraph 31, if not falling within the provisions of paragraph 1513," we hold the same to be properly dutiable at 60 per centum ad valorem under said paragraph 31, as claimed by the plaintiffs.

To the extent indicated the specified claim in these two suits is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.