BEFORE THE FIRST DIVISION, FEBRUARY 26, 1943

No. 48056.—Protest 61826–K of Louis Wolf & Co., Inc. (Seattle).

Opinion by OLIVER, P. J.    In accordance with stipulation of counsel and on the authority of *Pressner* v. *United States* (7 Cust. Ct. 106, C. D. 546) the claim at 60 percent under paragraph 31 was sustained.

No. 48057.—Protest 63833–K of W. R. Zanes & Co. (Galveston).

Opinion by WALKER, J.    It appeared that the bits in question consisted of a frame into which were set cutters made wholly or partly of tungsten carbide, which was made of either imported or substituted domestic material.    The bits were exported to Canada, and there used, and, prior to the filing of a drawback entry, they were reimported.    As thus reimported the cutters were in worn condition and not usable for their original purpose.    After reimportation the old cutters were removed and new cutters welded in, the old cutters being classed as scrap and used as such.    It appeared that upon reimportation of the bits from Canada they were allowed free entry as American goods returned under the provisions of paragraph 1615, as amended by section 35 of the Customs Administrative Act of 1938 (T. D. 49646).    In view of the qualifications of subparagraph (e) of paragraph 1615, due to the fact that there was a lapse of time between exportation of the bits in question and the filing of the claim for drawback, during which time the merchandise was reimported as American goods returned, the court was of the opinion that both provisions of the statute, paragraph 1615 as amended and section 313 (b), must be read together, in which case it is apparent that Congress intended that the benefit of only one of these provisions could be claimed.    It was the opinion of the court that the plaintiff had the choice of two rights, either of which could be exercised, but not both, and in this case the plaintiff elected to secure free entry as American goods returned.    Therefore it was held that the plaintiff is barred from claiming drawback.    On the record presented the protest was overruled in all respects.

BEFORE THE THIRD DIVISION, FEBRUARY 26, 1943

No. 48058.—Petition 6181–R of Norman G. Jensen (Pembina).

Opinion by CLINE, J.    From the testimony of an employee of the customs broker, the petitioner in this case, it was found that in making the entry the petitioner acted without intention to misrepresent the facts or to defraud the revenue of the United States, or to deceive the appraiser.    The petition was therefore granted.

No. 48059.—Protest 79851–K of R. H. White Co. (Boston).

Opinion by EKWALL, J.    In accordance with stipulation of counsel and following *Bullocks* v. *United States* (6 Cust. Ct. 110, C. D. 441) the merchandise in question was held not subject to countervailing duty.