(C. D. 1269)

S. S. Kresge Co. v. United States

United States Customs Court, First Division

(Decided August 28, 1950)

*Sharretts & Hillis* (*Howard C. Carter* of counsel) for the plaintiff.
*David N. Edelstein*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before OLIVER, COLE, and MOLLISON, Judges

OLIVER, Chief Judge: The merchandise at bar consists of certain articles invoiced as "hand painted paper mache figures" imported from Italy. It was classified under paragraph 1513 of the Tariff Act of 1930 at 70 per centum ad valorem for "all other toys, * * * not specially provided for," and is claimed dutiable under paragraph 1403 of the same act at the rate of 25 per centum ad valorem as "manufactures of papier-mâché, not specially provided for." The defendant subsequently claimed that if the merchandise is not dutiable as "toys," the court should hold these figures to be dolls and that the protest should be overruled without sustaining the collector's classification.

The plaintiff introduced the testimony of nine witnesses, all of whom stated that they had either used merchandise similar to the imported merchandise, .or had seen it used. They all agreed that these papier-mâché figures were not used as toys by children but were used solely as ornaments in homes. The articles before us consist of an assortment of 12 papier-mâché figures represented by samples in evidence (plaintiff's collective exhibit 2 (A to L, inclusive)). They consist of 12 human figures, concededly made of papier mâché and with the clothing thereon painted in various colors. Each of the figures is standing on a green simulated grass base measuring approximately 1½ inches in diameter and the figures measure approximately 4¾ to 5 inches over-all in height. The figures are both male and female, some representing youthful persons and some adults. One of plaintiff's witnesses stated he had seen such articles displayed in the novelty and gift departments of several of the plaintiff's stores. A photograph of such display (plaintiff's exhibit 4) shows such figures displayed on a counter, attached to which is a sign which reads "Novelty Peasant Figures." The witness testified that the articles in question were not displayed in the toy departments of such stores. He had used certain items of collective exhibit 2 in his own home on top of a piano, together with "several figures and a few other china what-not items and things of that kind" (R. 10). The witness had also seen certain of these figures used in the homes of friends and stated that they were used on the fireplace mantel, together with china dogs and similar items. While the witness had seen children under the age of 12 or 14 playing with toys, he had never seen them playing

with articles similar to those at bar. He stated that the articles at bar are not used for any utilitarian purposes but are "just used for ornaments" and represent Italian farmers and peasants or possibly people from other countries.

To similar effect was the testimony of all of the other witnesses produced by plaintiff. No testimony was introduced by defendant in support of the collector's classification.

On cross-examination, these witnesses all agreed that the various figures in collective exhibit 2 were used as ornaments and that they represent human beings or animals.

We are of opinion that the plaintiff herein has overcome the presumption of correctness attaching to the collector's classification of the involved figures as "toys." Samples are potent witnesses. (*Marshall Field & Co. v. United States*, 20 C. C. P. A. (Customs) 225, T. D. 46037.) An examination of these articles tends strongly to support the conclusion that they are not toys. Furthermore, in weighing the evidence, the presumption of correctness which attaches to the finding of the collector is not to be regarded as having evidentiary value, and cannot be weighed against the evidence of the party challenging the correctness of such finding. *Morse Bros. (Inc.) v. United States*, 13 Ct. Cust. Appls. 553, T. D. 41432. There is no evidence before us that these figures were ever used by children. On the contrary, the testimony of qualified witnesses is to the effect that they were never so used. The record establishes as a fact that adults use them for mantel, what-not, and corner-shelf ornaments which are above the reach of children and that they are never used by children as toys.

The defendant claims, however, that even if it be held that these figures are not toys, they are properly dutiable as "dolls." The plaintiff contends that the imported articles are not "dolls" but are more properly defined under the terms "figurine," "statuette," or "image."

It is well established that the common meaning of words is not a question of fact, but is a question of law. *United States v. Shalom & Co.*, 33 C. C. P. A. (Customs) 29, C. A. D. 311, and that the court may advisorily receive evidence of the common meaning of words, consult dictionaries and other authorities, and may draw on its own knowledge. *Absorbo Beer Pad Co., Inc. v. United States*, 30 C. C. P. A. (Customs) 24, C. A. D. 209.

There is no presumption of correctness that the figures in question are dutiable as "dolls." The merchandise was classified under the provision of paragraph 1513 of the Tariff Act of 1930 providing for "toys" and the presumption of correctness attaching to the collector's classification is limited to the specific classification made and does not extend to some other kind of merchandise which is also included in the

same paragraph. (*United States* v. *White Sulphur Springs Co.*, 21 C. C. P. A. 203, T. D. 46728.) The burden was, therefore, upon the defendant herein to establish that the involved articles are "dolls" within the meaning of the tariff act. We are of opinion that the defendant has failed to establish its claim in this respect.

It appears from the dictionary definitions that "dolls" are children's puppets, usually representing a person and used as playthings by children, or any *similar* figures for play or ornament. It can scarcely be maintained that the imported figures here in question are similar to a child's puppet. Not all miniature figures of human beings which are used for ornamental purposes are, by reason of that fact alone, to be considered "dolls." While these articles were used for ornamental purposes, yet, they must, in the first instance, be similar to a child's puppet if they are to be considered within the secondary meaning of the term "dolls." An examination of the samples before us disproves the defendant's claim. These articles are artistically molded, beautifully decorated figures which are obviously intended for ornamental or decorative uses. They are delicate and fragile and are more adaptable for display purposes and as ornaments than for use as children's puppets or dolls. It is to be observed that the figures in question are mounted, and the record discloses that they are usually, or at least frequently, sold in pairs, and are used in conjunction with other decorative articles, including use with identical figures of a larger size. They are not, therefore, similar to a child's puppet and therefore cannot be considered "dolls" within the common meaning of the term. They are more properly embraced within the definitions of the words "figurines," "statuettes," and "images." The term "dolls" in paragraph 1513 of the present tariff act was not intended to include statuettes and similar articles.

In support of its contention that the articles in question are "dolls," counsel for the defendant directs our attention to *M. Pressner & Co.* v. *United States*, 7 Cust. Ct. 106, C. D. 546, and *Louis Wolf & Co., Inc.* v. *United States*, 15 Cust. Ct. 156, C. D. 963. The decisions in these cases, however, are not authorities in support of the defendant's claim. In the *Pressner* case, *supra*, this court held that dolls are unquestionably included in and covered by paragraph 1513, whether toys or not, but held that the merchandise in that case, consisting of celluloid miniature football players, was outside the definition of the term "dolls" as given by the lexicographers. In the *Wolf* case, *supra*, the merchandise consisted of small celluloid and cotton velvet figures chiefly used at fairs and carnivals which were held to be dutiable under the secondary definition of "dolls" as "similar figures for play or ornament." There is no similarity, however, for purposes of the assessment of duty, between the merchandise involved in the *Wolf* case, *supra*, and the merchandise here before the court. The figures

here in question are not similar to a child's puppet. Furthermore, the articles involved in the *Wolf* case, *supra*, were invoiced, bought, and sold as "dolls" and were so known in the trade. The court therein held that the term "dolls" in the trade and commerce of the United States has a definite, uniform, and general meaning which included such articles as those in question. In the present case, there is no such showing on the part of the defendant.

An official sample of the merchandise herein (exhibit 1) was found upon analysis to be made of papier mâché (plaintiff's exhibit 3). As such, the figures in question are properly dutiable under paragraph 1403 of the Tariff Act of 1930. (*Strauss-Eckardt Co., Inc.* v. *United States*, 66 Treas. Dec. 835, T. D. 47439.)

On the record in this case, we find and hold that the articles before us are not properly dutiable as "toys" under paragraph 1513, Tariff Act of 1930, as assessed, nor as "dolls" as claimed by the defendant. We find these figures to be properly dutiable at the rate of 25 per centum ad valorem under paragraph 1403 of the Tariff Act of 1930 as "manufactures of papier-mâché, not specially provided for," as claimed. The protest is sustained. Judgment will issue accordingly.