BEFORE THE FIRST DIVISION, DECEMBER 11, 1952

**No. 56975.**—S. S. Kresge Co. *v.* United States, protest 145971-K (New York).

OLIVER, Chief Judge: This case concerns the classification of several items, described on the invoice as follows: "Country women," "Girl with cat," "Farmer w. cap," "Donkeys," "Pigs," "Peasant women w. poke," "Peasant man w. staff," "Peasant women w. sack," "Peasant boy w. milk can," "Turkeys," "Ducks," "Cows," "Dogs," "Rooster & Hens," "Calves," "Goats," "Rams," "Sheep."

The merchandise was classified as toys under paragraph 1513 of the Tariff Act of 1930 and was accordingly assessed with duty at the rate of 70 per centum ad valorem. Plaintiff claims that the articles are classifiable as manufactures of papier mâché, not specially provided for, under paragraph 1403, Tariff Act of 1930, carrying a duty assessment of 25 per centum ad valorem.

By deposition taken under a commission, duly authorized by this court, plaintiff introduced testimony of the foreign manufacturer, a sculptor operating an artistic handicraft business, who stated that the articles under consideration are made by molding under pressure papier mâché composed of paper, glue, and kaolin. Upon removal from the mold, the figure is dried, cleaned, and decorated (painted and varnished). When metal parts are used, they are added after the article is otherwise completed. Based upon personal knowledge of the materials used and the costs of the various components entering into the manufacture of the present merchandise, the manufacturer in Italy further testified that all of the items in question are composed entirely of papier mâché, except those described as "Turkeys," "Ducks," and "Rooster & Hens," which have metal legs. As to those three items, the proof shows they are composed in chief value of papier mâché.

Thus, the question before us is resolved into one of fact, i. e., whether the articles under consideration are "chiefly used for the amusement of children," which is the statutory requirement under paragraph 1513, *supra*, for the classification of merchandise as toys.

To show the character and use of the articles in question, plaintiff introduced testimony of six witnesses. All of them had several years of personal experience dealing with the items in question as commercial commodities and observing their uses in different parts of the United States. Their combined testimony establishes that the present merchandise is chiefly used in homes for display purposes, either as parts of Christmas scenes under Christmas trees, or as ornaments for decorative purposes on shelves, tables, and mirrors. The items described as "Turkeys" are used around Thanksgiving as party favors or table ornaments. Some of the animal figures, particularly those described as "Donkeys," "Cows," "Rams," and "Sheeps," are used in crib sets, depicting the religious significance of Christmas. All of the other items included in the shipment under consideration are used in arrangements of farm sets or ranch sets that are displayed under Christmas trees for decorative purposes. The witnesses were positive in their testimony to the effect that they had never seen any of the articles in question played with by children.

In this case, as in several previous cases that presented an issue like that now before us, samples of the merchandise are potent witnesses. *S. S. Kresge Co.* v. *United States*, 25 Cust. Ct. 89, C. D. 1269; *J. E. Bernard & Company, Inc.* v. *United States*, 27 Cust. Ct. 291, Abstract 55793; *S. H. Kress & Co.* v. *United States*, 29 Cust. Ct. 385, Abstract 56902. Samples of the present merchandise (plaintiff's collective exhibit 2) support plaintiff's oral testimony. The items are designed to remain stationary and make no noise. An examination thereof discloses that each is appropriately colored for the particular figure of which it is representative, and all are of convenient size suitable for display and the ornamental purposes explained by the witnesses.

Plaintiff's testimony, coupled with the samples of the merchandise in question, is sufficient to establish *prima facie*, at least, that the articles in question are not toys.

The conclusion is not disturbed by defendant's proof, consisting of the testimony of two witnesses and illustrative exhibits of articles, different in material and in construction from the present merchandise. A brief review of the evidence adduced by defendant follows.

Sylvia M. Brach, a housewife and mother, stated that she had seen children, including her own, of ages 12, 15, and 18, play with articles like those under consideration in her own home as well as in the homes of others, and that the children used them "in farm sets and Noah's Arks," and "as people to put on and off their

electric trains, ferry-boats, and such." Part of the witness' testimony is corroborative of that offered by plaintiff, particularly the statements to the effect that some of the articles are used in crib sets, and that the items described as "Turkeys" are used at Thanksgiving. The witness also testified with reference to articles composed of plastic or rubber, which are somewhat different in character from the present merchandise.

Defendant's second witness was Jane C. Lubold, a recreation director for a housing project that conducts a program for about 1,800 children up to 19 years of age. Her testimony relates primarily to articles composed of "wood, rubber and pressed paper," more durable than the articles in question, and which are preferable at the recreational center because of their adaptability to withstand greater wear and tear that articles are subjected to in the rough play of a nursery school.

On the basis of the present record, we find that the imported articles are not toys as classified by the collector. They are properly classifiable under the provision in paragraph 1403, *supra*, for "manufactures of papier-mâché, not specially provided for," and dutiable at the rate of 25 per centum ad valorem, as claimed. The protest is sustained as to the items hereinabove set forth. Judgment will be rendered accordingly.