(C.D. 2743)

HENRY A. WESS, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 4, 1966)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff. *John W. Douglas*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before DONLON and RICHARDSON, Judges

RICHARDSON, Judge: The instant protests, consolidated for trial purposes, concern the posting practices employed at the port of Cincinnati, Ohio, with respect to Bulletin Notices of Entries Liquidated. It is the contention of the plantiff-importer that liquidation notices affecting the involved entries were not posted in compliance with 19 U.S.C.A., section 1505 (section 505, Tariff Act of 1930), and 19 CFR 16.2(d) (section 16.2(d), Customs Regulations of 1943, as amended). Protest was filed against the collector's refusal to repost the Bulletin Notices of Entries Liquidated in accordance with the plaintiff-importer's request. The pertinent statutory and regulatory provisions read as follows:

§ 1505. Payment of duties.

* * * Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

§ 16.2 Procedure; notice of liquidation

(d) After liquidation by the collector, formal entries, except free consumption entries liquidated "As Entered", shall be scheduled promptly on a bulletin notice of liquidation, customs Form 4333. . . . The bulletin notice of liquidation shall be posted as soon as possible in a conspicuous place in the customhouse for the information of importers or lodged at some other suitable place in the customhouse in such a manner that it can readily be located and consulted by all interested persons, who shall be directed to that place by a notice maintained in a conspicuous place in the customhouse stating where notices of liquidations of entries are to be found. The bulletin notice of liquidation shall be dated with the date of posting or, if not posted, with the date it is lodged in the above-described place for the information of importers. . . .

At the trial, counsel for the defendant moved for a dismissal of the protests upon the ground that they were untimely (too late), and upon the further ground that there is no statutory authority for filing of a protest against a collector's refusal to repost liquidation notices. With defendant's latter objection, we fully agree. There is not statutory authority for the filing of such a protest, and the courts have so held. See *United States* v. *Astra Bentwood Furniture Co.*, 28 CCPA 205, C.A.D. 147, and *Cavalier Shipping Company, Inc.* v.

*United States*, 39 Cust. Ct. 219, C.D. 1932. And on the record before us, unless it is established that Bulletin Notices of Entries Liquidated were not posted against the involved entries as required by law, there is no question but that the instant protests are subject to dismissal for untimeliness (i.e., entries liquidated September 24, 1962, and protests filed May 10, 1963).

On the matter of the posting practice in vogue at the port of entry during the period in question, to wit, September 24, 1962, and 60 days thereafter, the record consists of testimony of three witnesses, and documentary evidence including the Bulletin Notices of Entries Liquidated in question (defendant's exhibit A). Harriet A. Wess, customs broker at Cincinnati testified, among other things, that she is familiar with procedures followed by the collector at Cincinnati in posting bulletin notices of liquidation, that the collector always followed a uniform practice of posting the notices on a bulletin board in the public part of his office "with the last dated liquidation on the top of the preceding ones," that either she or her sister would check the board by "taking a transcription of the official sheets, the bulletin sheets, and making a copy of the information that was there," that from time to time she checked the notices to see if the initial "W" had been put thereon, which would indicate that either she or her sister had made a transcript of said sheets, that after she or her sister copied the liquidation notices they took the "transcripts" back to their office, typed them and made pertinent notes thereon as shown in plaintiff's collective exhibit 1, and that notations on exhibit 1 indicate that between October 3 and 24, 1962, either she or her sister had made records of the September 28, September 17, and September 10 liquidation notices. The witness was asked if ever in her 35 years of experience as a custom house broker in Cincinnati had she "found that a notice of liquidation had been misfiled." The witness answered that she did not "remember an error ever having been made before." The official bulletin notices of liquidation dated September 10, September 17, and September 28, 1962, respectively, were received in evidence as plaintiff's collective exhibit 2. And the Government conceded that on March 4, 1963, the bulletin board contained liquidation notices in the sequence of: September 10, September 24, September 17.

Clifford H. Peterson, deputy collector in charge at the port of Cincinnati, testified, among other things, that upon receipt at his office, the bulletin notice is time stamped and "promptly posted without any delay," this being a matter that he has been "meticulous about over the years," that he was on duty September 24, 1962, and personally time stamped that date on the bulletin notice shown in exhibit A. The witness also testified that, in keeping with his usual practice, exhibit A would have been given by him to Miss

Armentraut, who is the only employee delegated to handle the posting of liquidation notices, that a check of the office attendance records revealed that both he and Miss Armentraut were on the job on September 24, 1962, that he personally recollects that both he and Miss Armentraut were attending to their usual duties on September 24, 1962, and that based upon his usual conduct he would state that, on September 24, he gave exhibit A to Miss Armentraut for posting on the bulletin board.

Alice E. Armentraut, cashier, fiscal officer, and assistant marine clerk in the Cincinnati office of the collector, testified, among other things, that as part of her duties she handles liquidated entries "and in that regard I am required to post the Bulletin Notices of Liquidations on the bulletin board in the public area of the customs office, on the date of liquidation," that it is the invariable custom of the office for her to personally receive said bulletin notices from Mr. Peterson, that it is her invariable custom, upon receipt of said bulletin notices, to "immediately post them on the bulletin board" with the latest sets on top, and that she "cannot actually remember posting on the particular day."

In our opinion, the evidence fails to establish a lack of compliance with statutory and regulatory authority in connection with the posting of liquidation notices affecting the involved entries. Plaintiff makes much of the fact that the subject bulletin notice was not in sequence either when the bulletin board was examined on its behalf during the posting period, or when the notice in question was discovered on the board after the posting period. However, plaintiff has adduced no evidence to establish that the involved bulletin notice was not posted in sequence by the collector on September 24, 1962, in keeping with his customary practice. The earliest opportunity plaintiff's witness had for examination of the bulletin board was October 3, by which time the intervention of the public in the inspection of the notices might well account for the dislocation of the notice of September 24. It is not suggested in the evidence or by way of argument that the bulletin notice of September 24 was not in fact posted on September 24—only that such notice was not in sequential order during the times that the board was inspected on behalf of the plaintiff.

Furthermore, there is nothing in the customs regulations adopted pursuant to section 1505 which requires the posting of liquidation notices in any sequence. And the fact that the collector's posting practice was in deference to a sequential order does not operate to add such a requirement to the regulations adopted by the Secretary of the Treasury in carrying out the mandate of section 1505. Consequently, in the absence of a requirement regulating the order in which such bulletin notices are to be posted on the bulletin board or otherwise,

or maintained on such bulletin boards or other places, it is the plain duty of a prudent importer or those acting on behalf of the importer to examine all notices posted in order to determine whether or not liquidation has been made on entries with which said importer is concerned. It has not been shown in the evidence before us that such an examination was made on each of the occasions testified to herein. The practice of plaintiff's witness in avoiding the lists previously examined does not afford an opportunity for self-correction of errors in the examining process. As we read the requirements of section 16.2(d), it does not guarantee convenience, but only availability and accessibility in the examination of bulletin notices.

We have examined the plaintiff's contention that the regulations adopted by the Secretary of the Treasury in section 16.2(d) to implement the requirements of section 1505 are unreasonable, and are unable to agree with such contention. In our opinion, these regulations are reasonable and, in the light of the evidence before us, have been demonstrated to be functional and workable in view of the trouble-free experiences with these regulations over the years that the witnesses have testified to.

It, therefore, follows from the foregoing that plaintiff has failed to prove that bulletin notices of liquidation affecting the subject entries have not been posted in accordance with applicable law. Consequently, defendant's motion to dismiss the instant protests for untimeliness must be granted.

Judgment will be entered accordingly.