(C.D. 4091)

MIRA-FLEX WATCH CORPORATION *v.* UNITED STATES

United States Customs Court, Third Division

(Decided October 16, 1970)

*Siegel, Mandell & Davidson* (*Joseph S. Kaplan* of counsel) for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General (*Mollie Strum*, trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and ROSENSTEIN, Judges

RICHARDSON, Judge: The merchandise of these three protests which were consolidated for trial consists of steel watch band bracelets, skele-

ton watch bands, strips for manufacturing bracelets, stamping dies and pieces of metal working machines which were entered at the port of Birmingham, Ala., in 1959 and 1960. Protest 63/22271, filed November 12, 1962, covers entries numbered 19–A, 22–A, 30–A, 31–A, 34–A, 35–A and 36–A which were liquidated either on September 28, or on October 2, 1962. Protest 63/22272, filed November 12, 1962, covers entries numbered 41–A, 45–A, 52–A, 53–A, 38–A, 58–A, 65–A and 2–A. With the exception of entry 38–A, these entries were liquidated either on September 28, or on October 2, 1962. Entry 38–A was liquidated on December 12, 1962. Protest 63/22274, filed February 11, 1963, also covers entry 38–A.

All of the protests attack the legality of the appraisement by reason of the claimed issuance of defective notices of appraisement by the collector. It will be readily seen that protest 63/22272 must be summarily dismissed as to entry 38–A because as to said entry the protest was filed *before* liquidation and not *after* liquidation as provided for in 19 U.S.C.A., section 1514 (section 514, Tariff Act of 1930, as amended). Apparently, plaintiff realized the prematurity of the filing of protest 63/22272 as against entry 38–A because it subsequently filed protest 63/22274 against the same entry *after* liquidation. Consequently, protest 63/22272 is dismissed as to entry 38–A.

Protests 63/22271 and 63/22272 are identical in language except as to references made therein to the entries covered. Therefore, a reference to the language of one of said protests is also indicative of the language contained in the other. Protest 63/22271 reads:

November 8, 1962

Honorable Collector of Customs
Mobile, Alabama

    Re: Your Letters of September 11, 1962
        and October 3, 1962
        Mira–Flex Watch Corporation
        Leeds, Alabama

Sir:

Protest is hereby directed against the decision contained in your letter of September 11, wherein you refused to grant our request made in our letter of September 7, pertaining to the legality of Customs Form 4301, wherein you purported to notify the importer of the appraised value advance in connection with entries: 19–A, 22–A, 30–A, 31–A, 34–A, 35–A and 36–A.

It was requested in our letter of September 7, that the purported notice of July 26 be cancelled and that individual notices of appraisement be issued for each entry individually for the purpose of enabling the importer to determine in which cases, if any, appeals should be filed.

It is requested hereby, that you review the decisions in your letter of September 11 and subsequent letter of October 3, and issue separate notices of appraisement for each individual entry. In the event that the entries have been liquidated, we request the cancellation of these liquidations and the issuance of the individual notices of appraisement.

If, upon reconsideration of your decisions you adhere to your position, we ask you to be good enough to transmit this matter to the Bureau of Customs for its consideration, advising us when this has been done so that we may make direct representations to the Bureau.

Very truly yours
SIEGEL, MANDELL & DAVIDSON

DS :al                          By : /s/ David Serko

And protest 63/22274 reads:

New York, February 8, 1963

Hon. Collector of Customs
Port of Mobile, Alabama

Sir:

Protest is directed against the illegal liquidation of the entry noted below in that proper notice of appraisement under Section 501 of the Tariff Act of 1930, as amended, was not given by the Collector to the consignee, his agent, or his attorney.

The liquidation should be cancelled and notice of appraisement given in accordance with the law and regulations thereunder.

| Entry No. | Entered | Liquidated | Vessel |
|---|---|---|---|
| 38–A | 11/25/59 | 12/12/62 | |

Mira-Flex Watch Band Corporation
By SIEGEL, MANDELL & DAVIDSON
50 Broadway
New York 4, N.Y.

The official papers were received in evidence at the trial. They include the correspondence referred to in protests 63/22271 and 63/22272, among other correspondence. It is clear from the concluding paragraph of protests 63/22271 and 63/22272 that the protestant is seeking relief other than that provided for in the event of affirmance by the collector of his liquidation. The provisions of 19 U.S.C.A., section 1515 (section 515, Tariff Act of 1930, as amended) read in relevant part:

Upon the filing of such protest the collector shall within ninety days thereafter review his decision . . . . If the collector shall, upon such review, affirm his original decision . . . then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. . . .

Section 1515 provides for prompt transmittal of the protest to the court for judicial review following the collector's disposition of the protest. This statute does not provide for further administrative review of the matter. But protests 63/22271 and 63/22272 seek further administrative review of the collector's determination. And the correspondence attached to protest 63/22271 which was exchanged between the protestant's lawyer, the collector's office and the Customs Bureau in Washington between November 15, 1962 and October 15, 1963 following the collector's disposition of the protests on October 3, 1962, indicate that the protestant has obtained such further administrative review of the matter, including the opportunity of making personal appearance through its counsel before the Customs Bureau in Washington.

Thus, it clearly appears in the record that plaintiff has obtained the review it sought in protests 63/22271 and 63/22272. And since plaintiff, having a choice of remedies, elected in these protests to pursue an *administrative* remedy rather than a *judicial* remedy, the election is binding in consequence of which these protests present no justiciable issue for the court to decide. *W. R. Zanes & Co.* v. *United States*, 10 Cust. Ct. 409, Abs. 48057 (1943); *Broderick & Bascom Rope Co.* v. *United States*, 62 Cust. Ct. 559, C.D. 3826 (1969). Protest 63/22271 and protest 63/22272 as to entries numbered 41-A, 45-A, 52-A, 53-A, 58-A, 65-A and 2-A are, therefore, dismissed.

With respect to protest 63/22274, an inspection of the chinese copy of Customs Form 4301 attached to entry 38-A indicates that notice of appraisement was mailed on July 26, 1962. There is no indication that a reappraisement appeal was ever filed as against this entry. Plaintiff's exhibit 1 in evidence is Customs Form 4301 Notice of Appraisement, dated July 26, 1962, relating to entries numbered 2-A, 38-A, 41-A, 45-A, 52-A, 53-A, 58-A and 65-A.

Emery Kane, president of plaintiff corporation, testified at the trial that he had received exhibit 1 in the mail (R. 6). And Clarance C. Howard, district director of customs at the port of Mobile, Alabama, testified that the signature appearing on exhibit 1 for the collector of customs is his, and that he personally signed and mailed exhibit 1 and initialed the copy of exhibit 1 which appears in the official file (R. 9–10).

Exhibit 1 reads as follows:

NOTICE OF APPRAISEMENT * * *

Bureau of Customs

District No. 19, Port of Birmingham, Alabama
Collector's Office, Mobile, Alabama
Jul 26 1962

Mira-Flex Watch Band Corporation
Leeds, Alabama
Sir:

The merchandise entered by you under consumption entries listed below has been appraised in accordance with the law. This notice is given for the reason checked below:

☒ The appraised value exceeds the entered value.

Any appeal from this appraisement must be made within 30 days from the date of this notice * * *.

Respectfully,
Tennent L. Griffin, Collector of Customs
By C. C. Howard, Deputy Collector

| Entry No. | Date | Importing vessel |
|---|---|---|
| 38–A | 11/25/59 | Pres. Wilson |
| 41–A | 12/4/59 | Pres. Wilson |
| 45–A | 12/24/59 | Pres. Cleveland |
| 52–A | 1/18/60 | Pres. Tyler |
| 53–A | 1/29/60 | Pres. Wilson |
| 58–A | 2/24/60 | Pres. Fillmore |
| 65–A | 4/29/60 | Kunikawa Maru |
| 2–A | 7/18/60 | Pres. Grant |

Plaintiff contends, among other things, that exhibit 1 is insufficient in law because the entry numbers are not set forth within the text of the notice of appraisement rather than at the end thereof. Plaintiff also argues that a separate notice of appraisement should be given for each entry rather than a single notice covering several entries. Defendant contends that there is nothing in the law that requires the giving of a separate notice of appraisement for each entry.

The provisions of 19 U.S.C.A., section 1501 (section 501, Tariff Act of 1930, as amended) read in relevant part:

(a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. . . .

We see nothing in the above language of section 1501 which can be interpreted as requiring the collector to give notice of appraisement in the form and manner contended for by plaintiff. The language quoted above is general, obviously giving leeway to the administrative officials in the selection of methodology of compliance with the requirements of section 1501. It is not the form of the notice which matters, but rather the information which the notice imparts. *United States* v. *Getz Bros. & Co.*, 55 CCPA 90, 93, C.A.D. 938 (1968). And exhibit 1 gives plaintiff all the information which section 1501 requires, in our opinion.

We are not disturbed by the presence of the entry numbers and other identifying information at the foot of the notice contained in exhibit 1, as plaintiff is advised in the body of the notice to look for the entry numbers there. And it seems to us to be a practical way in which to modify a form designed for a single entry so as to accommodate the form to serve as a vehicle for giving notice of appraisement for multiple entries. Mr. Howard testified, based on 23 years of employment in the customs service, that it was the practice at the port to include more than one entry on the notices of appraisement (R. 10–11).

Mr. Kane admits to having received exhibit 1. And he did not testify that the form of exhibit 1 in any way prejudiced his rights in connection with the entries listed on exhibit 1. We, therefore, see nothing in the case on which to base a complaint cognizable in this court. The fact that the receipt by plaintiff of multiple notices of appraisement for the multiple entries covered by exhibit 1 might better have served plaintiff's convenience is of no moment in the case. Section 1501 does not guarantee the issuance of notice of appraisement in a form which serves the convenience of an importer, but guarantees only that the importer shall be given notice of appraisement in specified cases. Cf. *Henry A. Wess, Inc.* v. *United States*, 57 Cust. Ct. 139, 143, C.D. 2743 (1966), affirmed, *Id.* v. *Id.*, 54 CCPA 77, C.A.D. 910 (1967). And such a notice of appraisement is contained in exhibit 1. This is sufficient. Consequently, protest 63/22274 must be and is overruled.

Judgment will be entered herein accordingly.