**Arthur J. HUMPHREYS, Dennis W. Holmstrom**

v.

**UNITED STATES.**

C.D. 4163; Protest No. 67/47822–26627.

United States Customs Court, Second Division.

Jan. 18, 1971.

■

———◆———

Glad & Tuttle, San Francisco, Cal. (George R. Tuttle, San Francisco, Cal., of counsel) for plaintiffs.

L. Patrick Gray, III, Asst. Atty. Gen., John A. Winters, Trial Atty., New York City, for defendant.

Before RAO, Chief Judge, and FORD, and NEWMAN, Judges.

FORD, Judge:

An article known as a Beales Brush Blade which is designed to be attached to a CAT D-7 tractor for the express purpose of clearing brush and tree stumps was assessed with duty at the rate of 10 per centum ad valorem under the provisions of item 664.05, Tariff Schedules of the United States, which provides as follows:

664.05 Mechanical shovels, coal-cutters, excavators, scrapers, bulldozers, and other excavating, levelling, boring, and extracting machinery, all the foregoing, whether stationary or mobile, for earth, minerals, or ores; pile drivers; snow plows, not self-propelled; all the foregoing and parts thereof ........... 10% ad val.

Plaintiffs contend the imported merchandise is entitled to entry free of duty under item 666.00, Tariff Schedules of the United States, or item 692.30, Tariff Schedules of the United States. The statutory language of these provisions reads as follows:

666.00 Machinery for soil preparation and cultivation, agricultural drills and planters, fertilizer spreaders, harvesting and threshing machinery, hay or grass mowers (except lawn mowers), farm wagons and carts, milking machines, on-farm equipment for the handling or drying of agricultural or horticultural products, and agricultural and horticultural implements not specially provided for, and parts of any of the foregoing ...... Free

692.30 Tractors suitable for agricultural use, and parts thereof ................. Free

The record consists of the testimony of four witnesses called on behalf of plaintiffs and the receipt in evidence of six exhibits on behalf of plaintiffs. At the outset, counsel for the respective parties stipulated that the D-7 tractor, crawler type, is a tractor suitable for agricultural use in the United States. The factual situation is not in dispute. The record clearly establishes the imported brush blades to be designed, manufactured and used only with a specific tractor. The blade involved herein was for the CAT D-7 tractor. The purpose of the blade was to clear land of roots, trees, brush and stumps as well as other debris. This is accomplished by the teeth digging into the ground to remove the roots, etc. The purpose is to clear the land and to move as little dirt as possible. The two technical witnesses, Worley and Christopherson, considered the term "bulldozer" to include the tractor and blade and not the blade alone.

■ Plaintiffs correctly contend that the classification by the district director is not supported by the presumption of correctness in view of the refusal on the part of defendant to state the applicable language which the imported merchandise was classified under, item 664.05, *supra*. Domestic Marble & Stone Co. v. United States, 64 Cust.Ct. 360, C.D. 4003 (1970); Broadway-Hale Stores Inc. v. United States, 63 Cust.Ct. 194, C.D. 3896 (1969); S. S. Kresge Co. v. United States, 25 Cust.Ct. 89, C.D. 1269 (1950); Sterling Button Co. v. United States, 4 Cust.Ct. 213, C.D. 324 (1940). The language of said item 664.-05, *supra*, provides for six different items and four general classes of machines as well as a parts provision all of which are subject to duty at 10 per

centum ad valorem. The official papers, particularly customs form 4297, the report of the district director, substantiates the position of plaintiffs since it indicates classification as "Excavating, levelling & extracting machinery." In addition, the refusal of defendant to state under which of the many possible classifications the imported merchandise was classified leaves both plaintiffs and the court without information as to what action was taken by the Bureau of Customs. In view of this, we hold the classification herein under item 664.05, *supra,* does not carry with it the presumption of correctness which, under case law, ordinarily attaches to the classification.

■ Under the circumstances involved herein it nevertheless remains the burden of plaintiffs to establish the correctness of its claimed classifications. Plaintiffs first contend the clearing blade is a part of a tractor suitable for agricultural use as prescribed under item 692.30, *supra.* Both witnesses for plaintiffs testified that a bulldozer is a combination of the tractor and a blade. Defendant has cited a number of definitions indicating that the blade alone is considered a bulldozer, Encyclopedia Americana (1969) ; McGraw-Hill Encyclopedia of Science and Technology (1966), or that the combination is a bulldozer, Collier's Encyclopedia (1953) ; Encyclopedia Americana (1963) ; Encyclopaedia Britannica (1968). In either event, whether a tractor with a blade is a bulldozer or the blade alone constitutes a bulldozer, the term is specifically provided for in the eo nomine designation contained in item 664.05, *supra.* This being so, notwithstanding the fact that it has been stipulated that the D–7 tractor is suitable for agricultural use, classification under item 692.-30, *supra,* is untenable particularly in view of General Interpretative Rule 10 (ij). This rule provides as follows:

> 10(ij) a provision for "parts" of an article covers a product solely or chiefly used as a part of such article, but does not pre-

vail over a specific provision for such part.

Under the foregoing, it is obvious that the imported blade cannot be a part of a tractor since it is specifically provided for as a bulldozer whether we consider the blade or the combination of the blade and the tractor.

■ If a bulldozer is a combination of a blade and a tractor then it is evident the blade alone falls within either the provision for parts of a bulldozer or parts of tractors suitable for agricultural use. The provision for parts of a bulldozer is more specific than parts of the tractor. In the case of Foster Wheeler Corp. v. United States, 290 F.Supp. 375, 61 Cust.Ct. 166, C.D. 3556 (1968), the court in considering this question made the following statement:

> We conclude that whether or not an ammonia converter is part of a machine, it is more specifically provided for under paragraph 319(b), *supra,* as a converter. It follows that the parts of such a converter are likewise dutiable under said paragraph as converter parts rather than as parts of machines. Where a particular part of an article is provided for specially, a part of that particular part is more specifically provided for as a part of the part than as a part of the whole. Here, for instance, the converter internals do not become parts of machines until they are first parts of converters. *Cf.* C. F. Liebert v. United States, 60 Cust.Ct. 677, C.D. 3499. In fact, some of the parts here are specifically provided for *eo nomine* in paragraph 319(b), namely catalyst chambers or tubes.

Accordingly, the claim in the protest for classification under item 692.30, *supra,* as parts of tractors suitable for agricultural use is overruled.

■ The alternative claim under item 666.00 as machinery for the preparation of soil is also untenable even if the clearing blade was machinery, which we do not hold, since it is readily apparent that "bulldozer" is more specific than the

claimed provision. The determination of the relative specificity of competing provisions has been held to be the provision which provides for the article with the greatest degree of accuracy and certainty in the more specific provisions. United States, etc. v. Simon Saw & Steel Co., 51 CCPA 33, C.A.D. 834 (1964). In this instance, the provision for bulldozer more accurately describes the imported article. We believe the above reasoning would also be applicable even if we were to consider the clearing blade to be a part of a bulldozer.

■■ In addition thereto, we are of the opinion that item 666.00 covers articles which are used for agricultural or horticultural purposes. This is substantiated in the Tariff Classification Study, Schedule 6, part 4, page 266, which indicates the intent to include the bulk of imports previously covered by paragraph 1604, Tariff Act of 1930. The record herein does not satisfactorily establish the chief use of the clearing blade which is admittedly used to clear land for building as well as farming. Additionally, under the principle of *noscitur a sociis*, it is apparent that the provision for machinery for soil preparation was intended to encompass such agricultural or horticultural articles such as the class provided for, i. e., agricultural drills, fertilizer spreaders, harvesting and threshing machinery, etc.

We are therefore of the opinion that the claim in the protest be overruled without affirming the classification.